E. M. ROSSER, EXECUTOR, ESTATE OF MARGARET EDWARDS COB-
LEIGH, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE,
RESPONDENT.

Docket No. 40765.   Promulgated September 25, 1931.

*Robert T. McCracken, Esq.,* and *John B. Peery, Esq.,* for the
petitioner.

*Frank T. Horner, Esq.,* for the respondent.

[black redaction block]

OPINION.

VAN FOSSAN: The principal issue in this proceeding is whether or not at the time of her death Margaret Edwards Cobleigh had such an interest in the residue of the estate of her father, Daniel Edwards, deceased, that the value thereof should be included in the gross estate for the purposes of the estate tax.

The applicable statutory provisions are contained in section 302 of the Revenue Act of 1924 and read as follows:

The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated—

(a) To the extent of the interest therein of the decedent at the time of his death which after his death is subject to the payment of the charges against his estate and the expenses of its administration and is subject to distribution as part of his estate; * * *

Under the quoted statutory provisions the real question at issue is whether or not the decedent had an interest in the corpus of her

father's estate which, after her death, was subject to the payment of the charges against her estate and the cost of its administration and was subject to distribution as a part of her estate.

It appears from the notice of deficiency attached to the petition herein that, exclusive of the value of any share of her father's estate, the decedent's gross estate amounted to more than $1,500,000. She died testate and by her last will and testament, a copy of which was attached to the stipulation of facts filed in the evidence in this proceeding, she bequeathed and devised the principal portion of the residue of her estate in trust, one-half of the net income of the estate being payable to her daughter during her life and the other half of the net income, together with the corpus of the trust, being ultimately distributable to her grandchildren. In our opinion, however, the principal issue in this proceeding is to be determined by a construction of the provisions of the will of decedent's father.

The respondent contends that, under the provisions of her father's will, the decedent in this proceeding "acquired a fee simple absolute estate in a one-third interest" in her father's estate. The petitioner, on the other hand, argues that the decedent's interest in her father's estate was conditional, the condition being her survival of the discontinuance of her father's business, and that, since she did not so survive, no part of the corpus of her father's estate ever became a part of her own estate.

The will of Daniel Edwards, deceased, appears to have disposed of both personal and real property. The evidence does not disclose how much of his estate consisted of realty, but it appears that a very large portion of it was personal property. Before his death he had carried on a large mercantile business and he had also invested to a very considerable extent in securities. When the surviving executrix made her final accounting, apparently all of the realty had been converted into money, pursuant to authority conferred on his executrices by Daniel Edwards, but when such conversion occurred, whether before or after death of the decedent in this proceeding, is not disclosed.

The will of the decedent's father was carefully drawn and evidences a definite, considered plan for the disposal of his property. It is apparent from the portions of the will quoted in the findings of fact that it was the testator's intent that, so long as his executrices elected under the provisions of his will to continue any business in which he might have been engaged at the time of his death, they should have absolute and complete control of the principal of his estate. His wife predeceased him, but, although the will was drawn prior to her death, after her death he made no alteration in the provisions concerning the continuance of his business. After the death of the testator's wife the discontinuance of his business by his

executrices became the fact determining the time for the distribution of the principal of his residuary estate.

By the sixth article of his will Daniel Edwards vested his residuary estate in his executrices, giving, devising and bequeathing to them such residuary estate in trust for the purposes and uses stated in the article. By this article the testator created an active trust and conferred upon his executrices as trustees broad powers with respect to the management thereof. That trust was to continue until such time as the executrices, under the authority conferred by the will, saw fit to discontinue and wind up the business which had been conducted before his death by the testator.

This vesting of the estate in the executrices in trust is in our opinion of primary importance with respect to the determination of the principal issue in this proceeding. For the provisions of the will creating the trust contain the only explicit and direct terms vesting the residuary estate in any person or persons. There is no specific or direct gift of any part of the principal of the estate to the decedent in this proceeding or to any of the beneficiaries named in the will. The gift to the beneficiaries is only implied and the implication is contained in the word " divide " used in the following provisions of the will:

> Either at the death of my said wife, Margaret Edwards, or else at the time when under the provisions of this will, it shall be deemed best to discontinue and wind up my entire business interests (should my business be carried on, under the provisions of this will, after the death of my said wife, Margaret) I direct the whole of the rest, residue and remainder of my estate to be divided equally among my said three daughters, Mary E. Newell, Anna A. Jones and Margaret E. Cobleigh, their heirs, executors, administrators and assigns, share and share alike.

There being in the will no explicit words giving the corpus of the estate to the decedent and the other beneficiaries and the gift being merely implied by the use of the word " divide," it results that the gift of the residue of the estate is annexed to and dependent upon the division provided for in the will. The gift could not, therefore, take effect in any way until the division was made. Therefore, since by direction of the will the principal of the residuary estate was not to be divided until after the discontinuance of the testator's business, no interest in the residuary estate could vest in the decedent and other beneficiaries until the testator's business had been discontinued. In other words, under the provisions of the will not only were the possession and enjoyment by the beneficiaries of the residuary estate postponed until the discontinuance of the testator's business, but the vesting in the decedent and other beneficiaries of any interest in such residuary estate was also postponed until such time. It necessarily follows that the words " their heirs, executors, administrators and

assigns " contained in the quoted paragraph directing division of the principal of the residuary estate are to be construed as merely defining the character and quality of the estate in personal and real property which the testator's daughters would take when and if the business carried on by the testator at the date of his death should be discontinued.

*In re Kountz's Estate*, 213 Pa. 390; 62 Atl. 1103, involved the question of whether or not the trust created by the will of the testatrix violated the rule against perpetuities. By her will the testatrix had bequeathed and devised her residuary estate to a trustee in trust for certain purposes and uses, conferring broad powers on the trustee and creating an active trust. There was no direct or explicit gift of the residuary estate to her grandchildren, among whom the testatrix intended that such estate should be divided ultimately. The will provided only with respect to the gift to her grandchildren that at a certain future time after the death of the last daughter of the testatrix the principal of the estate should be divided among her grandchildren. Referring to the provision for such division among the grandchildren, the Supreme Court of Pennsylvania said:

Even here there is no direct and explicit gift of the principal; it is only implied from the direction to divide. Chief Justice Gibson said, in *Moore* v. *Smith*, 9 Watts, 403 : " Where a gift is only implied from a direction to pay, it is necessarily inseparable from the direction, and must partake of its quality ; insomuch that if the one is future and contingent, so must the other be." And in Smith on Executory Interests, section 314, it is said : " Where there is no gift but in a direction to pay or transfer or divide among several persons at a future period, though the future period is annexed to the payment, possession, or enjoyment, yet it is also annexed to the devise or bequest itself. For, in this case, the direction to pay or transfer or divide, constitutes the devise or bequest itself; and therefore the vesting in interest is postponed, and not merely the vesting in possession or enjoyment.

We are of the opinion that the principles stated in the foregoing quotation from *In re Kountz's Estate*, *supra*, are applicable to the principal issue in this proceeding.

The facts show that the decedent, Margaret Edwards Cobleigh, died before her father's business was discontinued by his executors. We, therefore, hold that at her death no interest in the residue of his estate was vested in her. It follows that, pursuant to the applicable statutory provisions, no part of the value of her father's residuary estate should be included in the decedent's gross estate for tax purposes.

As to the second issue, the petitioner contends that the assessment and collection of any taxes imposed by the provisions of the statute on the decedent's estate are barred by the provisions of section 310 (a) of the Revenue Act of 1926 which, it is claimed, is applicable because of the provisions of sections 318 (a) of the Revenue Act of

1926. Section 310 (a) of the Revenue Act of 1926 provides that the amount of the estate taxes shall be assessed within three years after the return was filed. The decedent died in 1924 subsequent to the enactment of the Revenue Act of 1924. The respondent seems to contend that section 310 (a) of the Revenue Act of 1924 is applicable and that, therefore, the amount of the taxes imposed on decedent's estate by the statute might be assessed within four years after the return was filed.

We deem it unnecessary to determine whether the provisions of the Revenue Act of 1924 or those of the Revenue Act of 1926 are applicable, for the reason that in our opinion requisite action was taken within the time limited by either statute. The return was filed August 7, 1925, and notice of deficiency was mailed August 7, 1928. August 7, 1928, was within four years after August 7, 1925, and, in accordance with our views expressed in *Willingham Loan & Trust Co.*, 15 B.T.A. 931, was within three years after August 7, 1925. Our decision in *Willingham Loan & Trust Co.* was reversed by the United States Circuit Court of Appeals for the Fifth Circuit. See *Willingham Loan & Trust Co.* v. *Commissioner*, 36 Fed. (2d) 49. But the decision of the Circuit Court of Appeals was in turn reversed by the United States Supreme Court in *Burnet* v. *Willingham Loan & Trust Co.*, 282 U. S. 437.

We are of the opinion that the assessment and collection of taxes imposed by the provisions of the statute on decedent's estate are not barred by any provisions of the statute of limitations.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*