## COMMISSIONER OF INTERNAL REVENUE v. ROSSER.
### No. 5000.

Circuit Court of Appeals, Third Circuit.
March 17, 1933.

632

Francis H. Horan, of Washington, D. C., for petitioner.

Robert T. McCracken, of Philadelphia, Pa., for respondent.

Before DAVIS and THOMPSON, Circuit Judges, and DICKINSON, District Judge.

DAVIS, Circuit Judge.

This is a petition to review an order involving an estate tax under the Revenue Act of 1924 (43 Stat. 303).

Daniel Edwards died testate in 1901, and left three daughters surviving him. His will was admitted to probate. The will directed the executors to continue any business of the testator so long as they, or a majority of them, deemed it advantageous to the estate and so long as it was satisfactory and agreeable to the legatees and devisees, or a majority of them, of the residuary estate. The will provided that the residue of the estate should be placed in trust to pay the testator's wife the sum of $5,000 annually and the balance of the income to be divided equally among his wife and three daughters. The will provided for the disposition of the estate as follows:

"Either at the death of my said wife, Margaret Edwards, or else at the time when under the provisions of this will, it shall be deemed best to discontinue and wind up my entire business interests (should my business be carried on, under the provisions of this will, after the death of my said wife, Margaret) I direct the whole of the rest, residue and remainder of my estate to be divided equally among my said three daughters, Mary E. Newell, Anna A. Jones and Margaret E. Cobleigh, their heirs, executors, administrators and assigns, share and share alike.

"In any of the cases of distribution above mentioned, if either or any of my said daughters should be dead at the time of such distribution, leaving to survive her or them lawful issue, such issue shall take by representation the share of said deceased daughter, the said distribution to be made among the parties named and the said lawful issue of any who may be deceased, the said issue taking by representation the share of the deceased daughter. And in case at the time of any of the said distributions any of my said daughters should be dead not leaving lawful issue, then such distribution is to be made among the surviving daughters, or the surviving daughters and the issue aforesaid of any deceased daughter or the issue of deceased daughters, should all be dead. In any case the issue of any deceased daughter shall take by representation the share such deceased daughter would have taken."

The testator's wife predeceased him, but he made no change in his will. After his death in 1901, the business interests of the testator continued until March 27, 1926. One of the testator's daughters, Margaret Edwards Cobleigh, died testate in 1924, and was survived by a child. The Orphans' Court of the commonwealth of Pennsylvania awarded the child the share of Daniel Edward's estate to which Mrs. Cobleigh would have been entitled if she had lived until the period of distribution. The estate of Mrs. Cobleigh is involved in this case.

The Commissioner of Internal Revenue determined that the estate of Mrs. Cobleigh should include one-third of the net value of the estate of Daniel Edwards in computing the gross value of the estate for the purpose of determining its liability for inheritance taxes. The Board of Tax Appeals disapproved the Commissioner's order assessing a deficiency, and found that Mrs. Cobleigh's interest in her father's estate was contingent and ceased at her death before vesting.

The question here is whether or not Margaret Edwards Cobleigh's interest in the estate of Daniel Edwards, her father, was a vested or contingent remainder. The respondent's liability for the deficiency assessment admittedly depends upon the character of the daughter's interest.

The statute applicable to the question in this case provides that the gross value of the decedent's estate is determined by including the value of all property to the extent that the decedent's interest at the time of his death is subject "to the payment of the charges against his estate and the expenses of its administration and is subject to distribution as part of his estate." Revenue Act of 1924, c. 234, § 302 (a), 43 Stat. 253, 304 (26 USCA

§ 1094 note). The departmental construction of that provision follows: "The test which determines whether the value of a given interest is to be so included, pursuant to the foregoing provision of the statute, is that stated therein which requires that the property, after death, shall be subject to: (1) Payment of the charges against the estate; (2) payment of the expenses of administration; and (3) distribution as a part of the estate." Treasury Regulation 68, Article 10."

Obviously, then, Mrs. Cobleigh's interest in her father's estate was not taxable to her estate if the letter of the statute is followed. The Orphans' Court awarded the portion of Daniel Edward's estate that would have vested in Mrs. Cobleigh, if she had lived, directly to her daughter. That should end the case, but the petitioner apparently bases his argument on the fact that the Orphans' Court did not decide whether or not Mrs. Cobleigh's interest, under the will, was a vested or contingent remainder, and consequently the decision should be made by the Commissioner of Internal Revenue. The Orphans' Court disposed of the question in this manner: "To determine this question would, in no way, effect the distribution about to be made. Be it a vested or contingent remainder under the will, the elements of either a vested or contingent remainder have been met and the distribution would be identical. The parties in interest have treated the matter as a contingent remainder and for the purpose of this distribution we shall so consider it."

It is evident that, regardless of what the Orphans' Court decided, the interest was not an asset of Mrs. Cobleigh's estate, subject to charges against her estate, to expenses of administration, or to distribution as part of her estate as required by the statutory provision. But, without deciding whether or not the petitioner may determine the nature of an interest under section 302 despite its disposal under the probate law of the commonwealth, the interest was contingent in fact and in law.

 The petitioner contends that Mrs. Cobleigh's interest in the estate was vested and merely subject to postponement of possession and enjoyment. To establish his position, he recites Professor Gray's classic definition: "Since contingent remainders have been recognized, the line between contingent and vested remainders is drawn as follows: A remainder is vested in A, when, throughout its continuance A, or A and his heirs, have the right to the immediate possession, whenever and however the preceding freehold estates may determine. A remainder is contingent if in order for it to come into possession the fulfilment of some condition precedent other than the determination of the preceding freehold estate is necessary." Gray, the Rule Against Perpetuities, § 101, p. 80.

The difficulty is that the happening of the contingency in this case must have occurred at the same time that the preceding estate ended. The estate vested when the executors and beneficiaries of the estate, or a majority of them, agreed to wind up the business and distribute the estate, and before that time a remainder might have terminated by the death of the remainderman. Professor Gray recognized the difficulties in this class of cases in which the contingency, if it happens at all, must happen at or before the termination of the particular estate and the coming into possession of the remainder. Id., § 104. Such estates may be looked upon either as vested or contingent remainders, or according to the common-law rule. But a condition which may prevent an estate from coming into possession is a condition precedent in its nature rather than a condition subsequent, and so such remainders should be contingent. The preference of the law for vested interests has prevented this view from being adopted widely, and is responsible for the common-law rule that in this class of cases a remainder is either vested or contingent, depending upon the language used. If the conditional element is incorporated in the description of, or in the gift to, the remainderman, the remainder is contingent; but if, after words giving a vested interest, a clause is added divesting it, the remainder is vested. "Thus, on a devise to A for life, remainder to his children, but if any child dies in the lifetime of A his share to go to those who survive him, the share to each child is vested, subject to be divested by his death. But on a devise to A for life, remainder to such of his children as survive him, the remainder is contingent."

██ But in Pennsylvania the form of the language that is used is immaterial. In Re Raleigh's Estate, 206 Pa. 451, 55 A. 1119, 1121, the Supreme Court of Pennsylvania approved the case of In re Rudy's Estate, 185 Pa. 359, 39 A. 968, 64 Am. St. Rep. 654, wherein the court said: "In Pennsylvania the rule is well established that, where persons who are to take must be living at a certain time, the gift is contingent, because un-

634

til the time arrives the persons who will answer to that description' cannot be ascertained."

That rule must be applied to the facts in this case. It brings about the just result, and carries out the apparent intention of the testator, Daniel Edwards, that Mrs. Cobleigh's interest was contingent, and that no one would be entitled to a vested estate until a decision was duly made to wind up the business.

The order of the Board of Tax Appeals is affirmed.