WHIRLPOOL CORPORATION, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 8868–72. Filed November 8, 1973.

---

*Theodore Berger*, *Gerald Brown*, and *Robert I. Ury*, for the petitioner.

*Seymour I. Sherman*, for the respondent.

OPINION

SIMPSON, *Judge:* The respondent determined the following deficiencies in the petitioner's Federal income taxes:

| Year | Deficiency |
|------|-----------|
| 1968 | $4,195,870 |
| 1969 | 64,697 |

The issue to be decided at this time is whether a notice of deficiency, which was mailed on the final day for the assessment of a deficiency, suspends the period for the assessment of such deficiency.

The petitioner, Whirlpool Corp. (Whirlpool), was a Delaware corporation and had its principal place of business at Benton Harbor, Mich., at the time of filing its petition herein. It filed its Federal income tax returns for the years 1968 and 1969 with the district director of internal revenue, Detroit, Mich.

Whirlpool filed its Federal income tax return for the year 1968 on September 12, 1969. On September 12, 1972, by certified mail, the respondent sent to Whirlpool a notice of deficiency concerning its tax liability for the years 1968 and 1969. Whirlpool did not consent to extending the statute of limitations on assessing income taxes for the year 1968. A motion to sever the issue concerning the statute of limitations was made and granted, and thereafter, Whirlpool moved for judgment on the pleadings respecting such issue.

The issue to be decided is whether a deficiency notice, mailed on the last day an assessment could be made, suspends the statute of limitations on assessment.

Several sections of the Internal Revenue Code of 1954 [1] are applicable to the issue being considered. Section 6501(a) provides that, with certain exceptions not relevant in this case, "the amount of any tax imposed by this title shall be assessed within 3 years after the return was filed." Section 6503(a)(1) states:

The running of the period of limitations provided in section 6501 * * * on the making of assessments * * * in respect of any deficiency as defined in section 6211 (relating to income, estate, gift and chapter 42 taxes), shall (after the mailing of a notice under section 6212(a)) be suspended for the period during which the Secretary or his delegate is prohibited from making the assessment * * *

Under section 6213(a), except in the case of jeopardy assessments, no assessment of a deficiency in respect of any tax imposed by subtitle A or B or chapter 42 * * * shall be made * * * until such notice has been mailed

---

[1] All statutory references are to the Internal Revenue Code of 1954, unless otherwise indicated.

to the taxpayer, nor until the expiration of * * * [the period for filing a petition with the Tax Court], nor, if a petition has been filed with the Tax Court, until the decision of the Tax Court has become final. * * *

If the Tax Court finds that the assessment or collection of a tax is barred by the statute of limitations, such a finding constitutes a decision that there is no deficiency with respect to such tax. Sec. 7459(e).

This case has arisen because the respondent mailed the deficiency notice to Whirlpool on the last day of the 3-year period during which he could assess income taxes. It is the petitioner's position that the statute of limitations expired the day before the deficiency notice could operate to suspend it. The petitioner points out that the statute of limitations restricts the period for making assessments but that there is no express restriction on the period for mailing a notice of deficiency. Under section 6503(a)(1), the mailing of a notice of deficiency may suspend the running of the period for making assessments, but the petitioner argues that in this case, the notice was mailed too late. It has argued that a deficiency notice suspends the statute of limitations as of the day after it is mailed because "after" in section 6503(a)(1) means "the day after." Thus, according to the petitioner's analysis, the notice of deficiency, since it was mailed on September 12, 1972, could not take effect and suspend the running of the statute of limitations until the following day, September 13, and since the statute of limitations for making an assessment expired as of the end of September 12, such period had already terminated prior to the time that the notice of deficiency could have operated to suspend it. The respondent has taken the position that the deficiency notice suspended the statute the day it was mailed, and therefore, the statute has not expired.

Cases which bear on the issue being considered indicate that the statute of limitations on assessment is suspended by mailing a deficiency notice on the last day of the statutory period. *Brown* v. *United States*, 391 F. 2d 653 (Ct. Cl. 1968); *Thomas N. Perkins*, 33 B.T.A. 606 (1935); *E. M. Rosser, Executor*, 24 B.T.A. 176 (1931), affirmed on another issue 64 F. 2d 631 (C.A. 3, 1933). In *Rosser*, the notice of deficiency was mailed to the taxpayer on the last day of the 3-year period for making assessments. Although there was a question as to whether a 3-year or 4-year period for assessment applied in the case, the Court held that the "requisite action was taken within the time limited by either statute." 24 B.T.A. at 183. Thus, there was an issue as to whether a notice of deficiency mailed on the last day for making an assessment was sufficient, and the Court chose to decide the case on the basis of that issue instead of determining which statute of limitations applied. It held the notice to be sufficient under section 310(b)

of the Revenue Act of 1926, which contained language, in pertinent part, identical to section 6503(a)(1) of the 1954 Code. *Rosser* has, therefore, decided the issue before us now adversely to the petitioner. The petitioner, however, urges us to disregard *Rosser* and similar decisions. Its counsel carefully analyzed the *Rosser* decision and argues that such case was decided wrongly; they also argue that the analysis of section 6503 and the other related provisions which they are urging in this case has not been presented and considered in the earlier cases, and for that reason, those cases should not be considered governing precedents. They also suggest that in the cases referring to this issue, the statements have been made casually and the issue was only incidental to other more significant issues in the case. Though the petitioner's argument has been thorough and presented most effectively, we are not convinced that *Rosser* and the other decisions were wrongly decided or that such cases may now be set aside by us.

The legislative history of section 6503(a)(1) and its predecessors is sparse. The Revenue Act of 1924 stated in sections 277(b) and 310 (b) that the period for making assessments "shall be extended * * * if a notice of such deficiency has been mailed." Thus, under those provisions, the statute of limitations would be extended by mailing a notice of deficiency before its expiration. The analogous sections in the Revenue Act of 1926 contained different language than the earlier provisions; sections 277(b) and 310(b) provided that the statutory period was suspended after mailing a deficiency notice. The legislative history does not indicate why the language was changed; it contains no indication that by the use of the different language Congress intended to achieve a different result when a notice of deficiency was mailed on the last day for making an assessment.

Since *Rosser* was decided in 1931, Congress has reconsidered and reenacted the provisions there involved many times. Congress has had many opportunities to modify the result in *Rosser* to accord with its own conception of the operation of the deficiency notice, if it disagreed with the *Rosser* holding. However, Congress never altered the relevant language of the section; each successive act incorporated the language of the earlier section without significant alteration. Sec. 277, Revenue Acts of 1932, 1934, 1936, and 1938; sec. 277, I.R.C. 1939; sec. 6503(a) (1), I.R.C. 1954. Sec. 310(b), Revenue Acts of 1932, 1934, 1936, and 1938; sec. 875, I.R.C. 1939; sec. 6503(a)(1), I.R.C. 1954. The Internal Revenue Codes of 1939 and 1954 have been amended almost yearly, without amending the sections under consideration. The repeated reenactment of the same statutory language, and the failure to change such language despite many opportunities to do so, reflect a congressional acceptance of the *Rosser* interpretation. *McDonald* v. *Commis-*

*sioner*, 323 U.S. 57 (1944); *Helvering* v. *Reynolds Co.*, 306 U.S. 110 (1939). In *Reynolds*, the Court said that under such circumstances, the interpretation has the "force of law." 306 U.S. at 115. Though the long legislative history of these provisions contains no express indication that Congress considered the *Rosser* interpretation, yet, such interpretation may have been considered and may have led the legislative draftsmen and others to conclude that the statute, as so interpreted, was acceptable and did not need changing.

In 1956, regulations applicable to section 6503(a)(1) were promulgated. Sec. 301.6503(a)–1, Proced. & Admin. Regs. An example in the regulations provides that a deficiency notice mailed on the last day of the statutory period for assessment suspends the running of the statute. The regulation has been in effect for 17 years without any significant change. During this period, Congress has amended the Code almost yearly, but even though its attention has been continuously focused on the Code, it has never modified section 6503(a)(1).

> Treasury regulations * * * long continued without substantial change, applying to unamended * * * statutes, are deemed to have received congressional approval and have the effect of law. [*Helvering* v. *Winmill*, 305 U.S. 79, 83 (1938); fn. omitted.]

As the regulation is a longstanding regulation which is applicable to an unmodified statute, the rule in *Winmill* applies, and the regulation must be considered to reflect congressional understanding on this matter. *United States* v. *Correll*, 389 U.S. 299 (1967).

The petitioner is asking us to depart from a construction of the statute which has been in effect for more than 40 years. We decline to do so. Not only has the interpretation apparently been acceptable to Congress, not only has it been set forth in a regulation which must be given great weight, but to reverse the interpretation at this time would cause unnecessary and unjustifiable confusion in the administration of the tax laws. "In * * * [the ordinary tax case], the problem is * * * one of judicial tax administration, of making the system work as well as possible." Griswold, "A Summary of the Regulations Problem," 54 Harv. L. Rev. 398, 404–405 (1941). Effective administration depends in part on predictability and certainty. It is generally known that the respondent not infrequently waits until the last day of the assessment period to mail the notice of deficiency. In view of the *Rosser* interpretation of the statute and the regulations, he obviously has some reason to believe that mailing a notice on such day will effectively suspend the running of the statute. Because the rule has continued so long without challenge or change, it has become ingrained in our tax structure; and whatever result we might have reached if

we had been deciding the issue 40 years ago, the rule should not now be changed by a court. *Brewster* v. *Gage*, 280 U.S. 327 (1930).

In addition, we are not convinced that the *Rosser* and other similar decisions were improperly decided. The petitioner's contention that *Rosser* and similar cases were decided wrongly is based on its argument as to the meaning of the word "after," as used in section 6503(a)(1). According to the petitioner, the mailing of a notice does not have the immediate effect of suspending the statute of limitations; the word "after" in section 6503(a)(1) delays the effect of the mailing until the day after the mailing. Many sections of the revenue acts which Congress has enacted include the word "after." Whenever the problem of defining "after" has been presented to a court, it has construed "after" to mean "the day after." *Burnet* v. *Willingham L. & T. Co.*, 282 U.S. 437 (1931); *Charlson Realty Co.* v. *United States*, 384 F. 2d 434 (Ct. Cl. 1967); *United Telephone Co.*, 1 B.T.A. 450 (1925); see also *Anthony B. Cataldo*, 60 T.C. 522 (1973), on appeal (C.A. 2, Sept. 20, 1973). Applying the rule that the same word in different parts of the statute is considered to have the same meaning, the petitioner has concluded that "after" in section 6503(a)(1) means "the day after."

The rule on which the petitioner has relied does not automatically apply in every case; if the contexts in which the word is found vary in intent and purpose, then the statute does not require a uniform interpretation. *Helvering* v. *Stockholms Enskilda Bank*, 293 U.S. 84 (1934). The sections dealt with by the cases relied on by the petitioner all refer to a particular period of time during which the taxpayer or the respondent is required to perform an act. The commencement of the periods was at issue, and the courts held that they began the day after a particular event occurred. However, in this case, the problem is not to determine when a period of time begins, but to decide when an event is to be deemed to have occurred. Thus, "after," as used in section 6503(a)(1), was not used to mark the beginning of the period of time within which an act was to be performed; the provision sets forth the effect of the mailing of a notice of deficiency on the running of the statute of limitations on making assessments and indicates that such period is suspended when a notice is mailed. In view of the different objective of the provision, there is reason to conclude that "after" was not intended to have the same meaning as it was held to have in the cases relied upon by the petitioner.

In *Rosser* and the other similar cases, the courts may have reasoned, even though they did not set forth such reason, that the mailing of a notice of deficiency is an alternative to making an assessment. The statute of limitations is written in terms of when an assessment may be

made, but in fact, an assessment may not be made until a notice of deficiency has been mailed and the period for commencing an action in the Tax Court has expired or until such action has become final. Thus, it is the mailing of a notice of deficiency which must take place first, and there is no reason to believe that Congress intended to allow an assessment to be made on the final day of the period but not to allow a notice of deficiency to be mailed on such day. If the respondent mails the notice within the period of limitations, he has taken the action required of him, and the courts may have believed that under such circumstances, Congress intended for the running of the statute of limitations to be suspended.

An analysis of the statutory scheme also demonstrates that "after" in section 6503 (a) (1) cannot mean "the day after." Section 6503 (a) (1) provides that the statute is suspended for the period during which the respondent is prohibited from making an assessment. Section 6213 (a) prevents the respondent from making an assessment until a deficiency notice is mailed and until the expiration of the period during which the taxpayer can petition the Tax Court for a redetermination of the deficiency, or if a petition is filed, until the decision of the Tax Court is final. The petitioner has argued that since the prohibition period is the same as the period set aside for Tax Court proceedings, it begins the same day the petitioning period begins, the day after the notice is mailed, and consequently the suspension begins the day after mailing. However, under the petitioner's theory, there would be a gap in the suspension period of 1 day during which an assessment could be made. The respondent is prohibited from making an assessment until the mailing of the notice, and under the petitioner's interpretation of the law, he is prohibited from making an assessment during the period beginning on the day after the mailing of the notice. Under such reading of the statute, the respondent is not prohibited from making an assessment on the day of the mailing of the notice. Nothing in the statute warrants an interpretation which would allow an assessment to be made during the period of a day or less. The legislative history of section 277 (b) of the Revenue Act of 1926, though sketchy, indicates that the respondent cannot make an assessment at any time until the question of whether there are taxes due has been determined. Conf. Rept. No. 356, 69th Cong., 1st Sess., p. 42 (1926). Therefore, the prohibition period is continuous, and as the suspension period tracks the prohibition period, the suspension commences upon the mailing of the deficiency notice.

*The parties are directed to move or otherwise act with respect to further proceedings in this case on or before December 19, 1973.*