BONNIE J. BLASER, Petitioner v. COMMISSIONER OF INTERNALREVENUE, Respondent
Blaser v. Commissioner
Docket Nos. 2169-78, 9945-78.[1]
United States Tax Court
T.C. Memo 1981-70; 1981 Tax Ct. Memo LEXIS 678; 41 T.C.M. (CCH) 915; T.C.M. (RIA) 81070; February 19, 1981. Joseph Weigel, for the petitioner Wayne B. Henry, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: These cases were assigned to and heard by Special Trial Judge Marvin F. Peterson, pursuant to the provision of Rule 180, Tax Court Rules of Practice and Procedure.[2] The Court agrees with and adopts his opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE PETERSON, Special Trial Judge: Respondent determined deficiencies in and additions to petitioner's Federal income tax in the following amounts for the taxable years as indicated: Addition to Tax
Sec. 6653(a)
Taxable Year
Deficiency
I.R.C. [3] 1954
1973
$ 1,710.89
0
1974
1,725.49
0
1975
2,821.02
$ 141.05
1976
3,644.03
182.20
The issues *681 for decision are (1) whether petitioner or a trust is taxable on certain wages and interest income earned during the years which were assigned to a trust; (2) whether the statute of limitations bars assessment of any deficiency for the year 1973; and (3) whether, if there was an underpayment of tax for the years 1975 and 1976, such underpayment was due to negligence or intentional disregard of the rules and regulations. FINDINGS OF FACT Some of the facts have been stipulated by the parties and are found accordingly. Petitioner resided in the State of Wisconsin when she filed her petition herein. Petitioner filed a timely separate income tax return for each of the years 1973 through 1976 with the Internal Revenue Service Center, Kansas City, Missouri. Petitioner executed Form 872, Consent Fixing Period of Limitation Upon Assessment of Income Tax, for the year ended December 31, 1973, which extended the time for the assessment of income taxes for such year to December 31, 1977. The respondent issued a notice of deficiency for the year ended December 31, 1973 on December 27, 1977. During each of the years involved, petitioner performed services as a teacher in the Unified *682 School District No. 1 of Racine County, Wisconsin (sometimes referred to herein as school district). Petitioner performed her duties as a teacher pursuant to the terms and conditions agreed to by her union and the school district. On November 23, 1972, petitioner executed a document entitled "Declaration of Trust of This Constitutional Trust." The document was executed by petitioner for the purpose of creating a trust known as the Bonnie Jean Blaser Family Estate (A Trust) (hereinafter Trust). The declared purpose of the Trust was: "* * * to accept rights, title and interest in real and personal properties conveyed by THE GRANTOR HEREOF. Included therein is the exclusive use of his or her lifetime services and ALL OF his or her earned REMUNERATION ACCRUING THEREFROM, from any current source whatsoever, * * *." TheTrust document was signed by Bonnie Coons, a friend of petitioner, and Louis E. Blaser, petitioner's father as the Trustees. The Trust was to continue for a period of 25 years unless the trustees unanimously determined to terminate the Trust at an earlier date at which time the assets of the Trustwould be distributed to the beneficiaries. At the first meeting *683 of the trustees on November 23, 1972, petitioner was appointed a trustee. On December 26, 1972, at the second meeting of the trustees, petitioner was appointed the Executive Manager and Secretary of the Trust for life. The Executive Manager, Secretary and all other officers of the Trust were to be paid as independent consultants and in such amount as determined by the majority of the trustees. On December 26, 1972, petitioner executed a document which assigned certain personal property, securities, and a life insurance policy to the Trust. Also, on December, 26, 1972, she signed a document which conveyed to the Trust "* * * exclusive use of my lifetime services and all of the currently earned remuneration accruing therefrom." Further, on this same date, petitioner signed a document purporting to be an employment agreement between herself and the Trust in which the Trust retained her services as the executive manager and secretary. Article III of the Agreement, provides "the managers shall be entitled to remuneration for their services and shall from time to time submit statements for their consultant fees for an amount mutually agreed upon between the managers and the Trustees, *684 substantiated by the minutes of the Trust." Documents entitled "Units of Beneficial Interest" were issued. These documents provided, in part, that each certificate of beneficial interest "conveys no interest of any kind in the Trust assets, management or control thereof." Initially 100 units were issued to petitioner. Subsequently, she conveyed 45 units to her mother Bertha E. Blaser, 25 units to her friend Bonnie Coons, 10 units to The Bonnie Jean Blaser Community Service Fund, and retained 20 units for herself. During the years at issue herein, the Trust did not enter into a contract with the Unified School District No. 1 of RacineCounty, Wisconsin for the purpose of providing teaching services by the Trust for the school district; not did the school district make payment to the Trust for the services performed by petitioner. During each of the years involved petitioner received income for services performed for the school district as follows: Year
Amount
1973
$ 8,315.00
1974
8,838.78
1975
11,890.10
1976
13,042.29
Although petitioner included the above amounts as income from wages, she also claimed a deduction for a like amount to reflect her assignment *685 of income to the Trust. In addition petitioner reported consulting fees from the Trust. Petitioner made all of the decisions concerning the Trust including the amount of her consulting fees. Further, she caused the Trust to pay certain of her personal expenses during each of the years involved. The Trust filed Fiduciary Income Tax Returns (Form 1041) for the years 1973, 1974, 1975, and 1976 with the Internal Revenue Service Center at Kansas City,Missouri. In his notices of deficiencies to petitioner, respondent disallowed claimed deductions for the income petitioner received from the school district and assigned to the Trust. In addition, for the years 1975 and 1976, respondent determined that petitioner was taxable on interest income in the amounts of $ 139.25 and $ 174.47, respectively, reported by the Trust, under the grantor trust provisions pursuant to sections 671 through 677. OPINION The first issue is whether the purported conveyance by petitioner of her property and lifetime services to the Trust was effective to shift the incidence of taxation on the compensation received each year from petitioner to the Trust. Petitioner contends that a valid trust was created *686 and the assignment by petitioner of her lifetime services and all the income accruing therefrom was sufficient to shift the incidence of taxation from herself to the Trust. Petitioner further argues that the real question involved herein is the right to contract under the United States Constitution and not whether there was an assignment of income from petitioner to the Trust. As a result of the assignment, petitioner argues that she performed service as an agent for the Trust in that her services were subcontracted to the school district. Respondent disagrees with petitioner's position and maintains that the Trust lacks economic reality, that the compensation received by the Trust was an anticipatory assignment of income ineffective to treat the compensation as that of the Trust, and that any income earned by the Trust is taxable to petitioner under the grantor trust provisions set forth in sections 671 through 677. We agree with respondent that the interest income and the wages paid by the school district are taxable to petitioner. We agree with petitioner that she has a constitutional right to enter into contractual arrangements. But it is also true that a taxpayer may not *687 enter into such arrangements that are designed simply to alter the Federal income tax consequences of income between various entities without regard to the true earner of such income. Lucas v. Earl,281 U.S. 111 (1930). As stated by the Supreme Court the "first principle of income taxation" is that income must be taxed to the one who earns it. Commissioner v. Culberston,337 U.S. 733, 739-740 (1949). Further, it is the person or entity that controls the earning of the income, and not the one who ultimately receives it, that must pay the income tax thereon. American Savings Bank v. Commissioner,56 T.C.828, 838-839 (1971); Wesenberg v. Commissioner,69 T.C.1005 (1978). As we said in American Savings Bank v. Commissioner,supra at 839, the factual background must be carefully scrutinized to determine the person that earns the income. In the instant case petitioner executed a document which assigned her services to the Trust and all of her earned income. However, the record is clear that petitioner in her individual capacity continued her employment relationship with the school district. The Trust had no contract with the school *688 district to perform teaching services and, therefore, had no control over the income earned. Petitioner had complete control of her employment contract with the school district. Petitioner's employment relationship with the school district was not affected in any way by the formation of the Trust. The fact that the school district made payment directly to petitioner further supports the proposition that she directly performed her teaching services for the school district. From the facts in this case it is evidence that petitioner's conveyance to the Trust is a classic case of a taxpayer attempting to shift the incidence of taxation on her earned income to another entity. In applying the Supreme Court's rule that income is taxed to the one who earns it, the crucial point to consider is not the timing of the assignment, but the earning of the income. Therefore, the fact that the assignment predates the earning of the income is of no help to petitioner's cause in this case. Accordingly, we hold that all amounts paid to petitioner by the school district and transferred to the Trust were properly disallowed as deductions. In a number of other cases factually similar to what we have *689 here, we also held such arrangements were not effective to shift the incidence of taxation from the taxpayer to the trust. See Vercio v. Commissioner,73 T.C. 1246, 1254 (1980); Markosian v. Commissioner,73 T.C. 1235 (1980); Wesenberg v. Commissioner,69 T.C. 1005, 1011 (1978); Vnuk v. Commissioner,621 F.2d 1318 (8th Cir. 1980), affg. T.C. Memo. 1979-164; Horvat v. Commissioner,T.C. Memo. 1977-104, affd. by unpublished order (7th Cir. June 7, 1978), cert. denied 440 U.S. 959 (1979); Taylor v. Commissioner,T.C. Memo. 1980-313; and Gran v. Commissioner,T.C. Memo. 1980-558. Further, petitioner's argument that the income is not taxable to her since she was acting as an agent or subcontractor of the Trust while performing services for the school district is without merit. In Vnuk v. Commissioner,supra at 1320, the Court of Appeals said: On appeal petitioners first argue that the TaxCourt erred in concluding that the conveyance of lifetime services to the Trust was ineffective to shift the incidence of taxation. *690 Petitioners contend that where, as here, an individual performs services as an agent or "leased employee" of a trust, it is the trust, rather than the individual, that is taxed on the income accruing from the services. Cf. Rubin v. Commissioner,429 F.2d 650 (2d Cir. 1970); Foxv. Commissioner,37 B.T.A. 271 (1938); Laughton v. Commissioner,40 B.T.A. 101 (1938), rev'd on other grounds, 113 F.2d 103 (9th Cir. 1940). This argument has no merit. And in footnote 5, page 1320, of the Vunk opinion, the Eighth Circuit commented: Because of these factors, the present case is readily distinguishable from the so-called "employee lend-out" cases where the courts have held a corporation rather than the employee is taxable. In those cases the employee was legally obligated to provide services to the corporation and the corporation had the right to direct the employee's activities and to control the amount of income the employee received for those activities. See, e.g., Rubin v. Commissioner,supra;Fox v. Commissioner,supra; Laughton v. Commissioner,supra.
In addition *691 petitioner unconditionally assigned her services and income to the Trust under an arrangement which allowed the majority of the trustees to determine the amount of the consulting fee to be received from the Trust. Not only is such an indefinite and loose agreement unenforceable, but it is unrealistic and without economic substance to conclude that a taxpayer would agree to turn over all of his earned income for an unspecified payment under such circumstances unless he was in control of the trust or other entity. Where a trust has no valid purpose other than tax avoidance it loses its economic reality, which, in turn, mandates that we disregard any attempt to shift income to a mere paper entity. See Markosian v. Commissioner,supra at 1245. The next question concerns the taxability of interest income received in 1975 and 1976 and reported by the Trust. Respondent argues that the interest income is taxable to petitioner under the "Grantor Trust" provisions of sections 671 through 677. However, we need not address this argument since we have concluded that the Trust is devoid of economic reality and a nullity for tax purposes. Accordingly, petitioner is taxable *692 on the interest income reported by the Trust. Respondent asserted the addition to tax under section 6653(a) for each of the years 1975 and 1976 on the ground that petitioner was negligent or intentionally disregarded the income tax rules and regulations in preparing each of those returns. Although petitioner failed to address this issue in her brief and failed to submit evidence at the trial of this case, we shall still consider the issue. Petitioner has the burden to overcome the presumption of correctness of respondent's determination. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a) Tax Court Rules of Practice and Procedure. A review of the record as a whole makes it clear that petitioner entered into the trust scheme solely for the purpose of tax avoidance and did not make reasonable inquiry as to the income tax validity of such action. Accordingly, the addition to tax under section 6653(a) was properly asserted for each of the years 1975 and 1976. The final issue is whether the statute of limitations bars assessment of a deficiency in income tax for the year 1973. Petitioner contends the statute of limitations expired prior to receipt of the statutory *693 notice of deficiency. On November 11, 1975, the parties entered into an agreement to extend the time for assessing any income tax until December 31, 1977. On December 27, 1977, respondent mailed to petitioner a statutory notice of deficiency for the year 1973. Section 6501(a) sets forth the general rule that any tax must be assessed within 3 years from the date the return was filed. Section 6501(c)(4) sets forth an exception and allows the parties to extend the time for assessment, which the parties herein have done. In addition, an exception occurs when the notice of deficiency has been issued within the 3 year period, and extensions thereto, and a petition has been filed in this Court. Under these circumstances the period of limitations for assessing any income tax for the year 1973 is suspended until the decision in this case becomes final and for 60 days thereafter. Section 6503(a). Ther can be no dispute that respondent issued his notice of deficiency within the period of time that an assessment of additional taxes could have been made. There is no merit to petitioner's argument that the notice of deficiency must be received within the open period for assessment since *694 section 6503(a)(1) provides that "the running of the period of limitations provided in section 6501 or 6502 * * * shall (after the mailing of a notice under section 6212(a)) be suspended * * *." The statute makes it clear that it is the mailing of the notice of deficiency that is pertinent to suspend the running of the statute of limitations and not the receiving of such notice. See Whirlpool Corp. v. Commissioner,61 T.C. 182, 188 (1973). Accordingly, the statute of limitations does not bar respondent from assessing and collecting any deficiency for the year 1973. To reflect the conclusions reached herein. Decisions will be entered under Rule155.
Footnotes
1. These cases were consolidated for the purposes of trial, briefing and opinion.↩
2. The Court granted a joint motion filed by the parties to waive the post-trial procedures set forth in Rule 182.↩
3. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩