WILLIAM ELDEN AND ELIZABETH R. ELDEN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Elden v. Commissioner
Docket No. 9493-78
United States Tax Court
T.C. Memo 1982-71; 1982 Tax Ct. Memo LEXIS 678; 43 T.C.M. (CCH) 520; T.C.M. (RIA) 82071; February 11, 1982. William Elden, pro se. William E. Bogner, for the respondent. WILBUR
MEMORANDUM OPINION WILBUR, Judge: This matter comes before the Court on respondent's motion for partial summary judgment. A hearing was held after which petitioner [1] submitted a written brief on the issue represented. The petition in this case alleges "that the Notice of Deficiency was issued more than three years after the return was filed and is barred by section 6501(a)." [2] Respondent affirmatively denied in his answer that the deficiency notice was delinquent, and on the basis of an affidavit and attached exhibits, as well as petitioner's concession as to certain facts, moved for summary judgment on this issue. We believe *680 that respondent has amply established that no genuine issue as to any material fact exists and that he is entitled to judgment as a matter of law on the statute of limitations question. Gulfstream Land & Development v. Commissioner,71 T.C. 587, 596 (1979). In fact, petitioner has not only failed to present any materials seriously questioning the facts as shown by the respondent, he appears to have conceded them to be true. See Rule 121(d), Tax Court Rules of Practice and Procedure. We will therefore take the undisputed evidence contained in respondent's exhibits as true. Cf. Smith v. Saxbe,562 F.2d 729 (D.C. Cir. 1977); Gossett v. Du-Ra-Kel Corp.,569 F.2d 869, 872 (5th Cir. 1978). A brief summary of these facts is set forth below. Petitioners William and Elizabeth R. Elden filed a joint Federal income tax return for the taxable year 1974. A form sent by petitioners requesting an extension of time to file that return from April 15, 1975, the normal due date, until June 15, 1975 was received by the respondent on June 19, 1975. The return filed for 1974 is dated "6-13-75" beside the taxpayers' signatures and was stamped as *681 received by the respondent on June 19, 1975. The envelope in which the return was mailed bears a postage meter date of "June 13" although the year is illegible. [3]
The following year, petitioners requested an extension of time until June 15, 1976 to file their 1975 joint Federal income tax return. The request was received by the respondent on April 14, 1976. The return bore the date "6/15/76" beside both signatures and was stamped as received by respondent on June 17, 1976. The envelope in which the return was mailed bears the postmark date of June 16, 1976. A statutory notice of deficiency for the taxable years 1974 and 1975 was sent to petitioners by registered *682 mail on June 12, 1978. The date on which petitioners received this notice was not established, although, as will be shown below, we do not deem that date to be relevant. Petitioner's main contention in support of his argument that the deficiency notice in question was barred by the statute of limitations appears to stem from an erroneous belief that it is the date on which the deficiency notice is received by the taxpayer, rather than the date on which it was mailed, which controls. Under the general rule of section 6501(a), assessment of the tax must take place "within 3 years after the return was filed (whether or not such return was filed on or after the date prescribed.)" In order to compute the expiration point of this limitations period, it is first necessary to determine when the 3-year period commences. When a return is filed on or before the last day prescribed for filing that particular return (early return), it is deemed to have been filed on that last day. Section 6501(b)(1). Where the return is filed after the due date, section 6501(a) itself states that it is the date of actual filing which controls. In either event, a return is considered as "filed" on the *683 date on which it is deposited into the mail ( Hotel Equities Corporation v. Commissioner,65 T.C. 528 (1975), affd. 546 F.2d 725 (7th Cir. 1976)), and the date on which the return was filed is excluded in computing the limitations period. Consequently, the first day of the 3-year period is the day following the date on which the return was either filed or was considered to have been filed. Burnet v. Willingham L. & T. Co.,282 U.S. 437 (1931). There can be no serious dispute that the notice of deficiency for 1975 was timely. Turning to the 1974 return, application of the above rules shows that the limitations period began on either June 14, 1975 or June 16, 1975, the latter being the correct date only if the application for an extension of time to file was effective to grant an extension until June 15, 1975. See section 1.6081-1(b)(1), Income Tax Regs. (application for extension of time to file a return must be submitted on or before the due date of the return). The earliest date on which the statute of limitations might have expired, therefore, would have been June 14, 1978. Since the notice of deficiency *684 was mailed on June 12, 1978, it was within the 3-year period. Petitioner resists this simple and obvious result by arguing, in effect, that it is the date on which he received the deficiency notice which is paramount, and since he may have received it after June 14, 1978, the asserted deficiency is therefore time-barred. We cannot agree. We hold that the date the notice of deficiency is mailed, not the date on which it is received by the taxpayer, determines whether the notice is timely. [4] See, Morrison v. Commissioner,11 T.C. 696, 704 (1948), affd. per curiam 177 F.2d 351 (2d Cir. 1949); E. M. Rosser, Executor, Estate of Cobleigh v. Commissioner,24 B.T.A. 176 (1931), affd. on other grounds, 64 F.2d 631 (3d Cir. 1933). Section 6501(a) prohibits assessment more than 3 years after a return is filed. The mailing of a statutory notice of deficiency serves to suspend the period of limitations upon assessment as of the date of mailing. Sections 6213(a) and 6503. It therefore follows that the statute of limitations was suspended as of June 12, 1978, and therefore has atleast two more days to run. Whirlpool Corporation v. Commissioner,61 T.C. 182 (1973). *685 [5]
An appropriate order will be entered.
Footnotes
1. Petitioners filed joint returns. As used hereinafter, petitioner refers solely to William Elden.↩
2. All section references are to the Internal Revenue Code of 1954 as in effect during the years in issue.↩
3. The parties do not dispute that the date of mailing was June 13, 1975; and, as will be shown later, it matters not that the return may have been mailed subsequent to that date. Since petitioner does not assert that the return was mailed prior to June 13, 1975, we will accept, for purposes of this case only, June 13, 1975 as the mailing date, and hence the filing date, of the return here in question. See sec. 7502(a) and (b); see also sec. 301.7502-1(c)(1)(iii)(b), Income Tax Regs.↩
4. Accord, Evans v. Commissioner,T.C. Memo. 1955-126, affd. per curiam 235 F.2d 586↩ (8th Cir. 1956). 5. The Code also provides for an additional 60 days in which the respondent may assess following a final decision by this Court. Sec. 6503(a)(1).↩