120 T.C. No. 4


UNITED STATES TAX COURT


EVELYN B. BLOCK, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 5676-02.          Filed January 23, 2003.


P requested relief from joint and several income tax liability pursuant to sec. 6015, I.R.C., regarding taxes that had been previously assessed for the taxable years 1983 and 1984. R issued a notice of determination denying P's request, and pursuant to sec. 6015(e), I.R.C., P filed a timely petition seeking review of R's determination. Thereafter, P moved to amend her petition pursuant to Rule 41(a), Tax Court Rules of Practice and Procedure, in order to claim that "The statute of limitation bars the assessment of the underlying income tax liabilities for 1983 and 1984." R opposed the amendment, arguing that sec. 6015(e), I.R.C., grants this Court jurisdiction to determine whether R's denial of relief from joint and several tax liability, as provided in sec. 6015, I.R.C., was erroneous. R argues that since the expiration of the period of limitations to assess the underlying tax is not a ground for relief under sec. 6015, I.R.C., this Court is without jurisdiction to determine the issue.

**Held**: Our jurisdiction under sec. 6015(e), I.R.C, is limited to reviewing R's denial of relief available under sec. 6015, I.R.C., from an otherwise existing joint and several tax liability.  In an action brought under sec. 6015(e), I.R.C., we lack jurisdiction over whether the underlying assessment was barred by the statute of limitations.

**Held**, **further**, Since the Court is without jurisdiction to decide whether the expiration of the period of limitations bars the assessment of the underlying tax liability, the proposed amendment to the petition is improper, and P's motion for leave to amend is denied.

Barry A. Furman, for petitioner.

James N. Beyer, for respondent.

OPINION

RUWE, Judge:  This matter is before the Court on petitioner's motion for leave to amend petition pursuant to Rule 41(a).[1]  Petitioner timely filed her petition with this Court pursuant to section 6015(e) seeking relief from her previously assessed joint and several income tax liabilities for 1983 and

---

[1]All Rule references are to the Tax Court Rules of Practice and Procedure, and unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years at issue.

1984.[2]  The petition was filed after respondent issued a "Notice of Determination" denying her request for relief.[3]

Section 6015(e) "allows a spouse who has requested relief to petition the Commissioner's denial of relief, or to petition the Commissioner's failure to make a timely determination.  Such cases are referred to as 'stand alone' cases, in that they are independent of any deficiency proceeding."  Ewing v. Commissioner, 118 T.C. 494, 497 (2002) (quoting Fernandez v. Commissioner, 114 T.C. 324, 329 (2000)).[4]

Petitioner seeks to amend the petition to include the following paragraph:  "The statute of limitation bars the assessment of the underlying income tax liabilities for 1983 and 1984."  Petitioner claims the bar of the statute of limitations on assessment as an affirmative legal defense against the underlying assessment.[5]

---

[2]The parties allege that deficiencies were previously assessed pursuant to the partnership provisions contained in secs. 6221 through 6234.

[3]Petitioner seeks relief from joint and several liability pursuant to sec. 6015(b) or 6015(f).  She does not contend that she is entitled to separate liability relief under sec. 6015(c).

[4]A claim for relief from joint and several liability may also be raised as an affirmative defense in a timely petition based on a notice of deficiency.  Butler v. Commissioner, 114 T.C. 276, 287-288 (2000).  The petition in the instant case was not based upon a notice of deficiency.

[5]In Petitioner's Motion for Leave to Amend Petition, petitioner argues:

(continued...)

In Robinson v. Commissioner, 57 T.C. 735, 737 (1972), we held that "The statute of limitations is a defense in bar and not a plea to the jurisdiction of this Court." See Badger Materials, Inc. v. Commissioner, 40 T.C. 1061 (1963). Section 7459(e) provides:

> SEC. 7459(e). Effect of Decision That Tax Is Barred by Limitation.--If the assessment or collection of any tax is barred by any statute of limitations, the decision of the Tax Court to that effect shall be considered as its decision that there is no deficiency in respect of such tax.[6]

---

[5](...continued)

3. Petitioner proposes to amend her Petition to raise the affirmative defense of statute of limitations. The proposed Amendment to Petition accompanies this Motion.

4. The Court has jurisdiction to decide whether the statutes of limitations on the underlying joint and several liabilities have expired. The Court has held that "once our jurisdiction has been properly invoked in a case, we require no additional jurisdiction to render a decision with respect to such an affirmative defense [statute of limitations]." Genesis Oil & Gas, Ltd. v. Commissioner, 93 T.C. 562, 564 (1989).

5. In Neely v. Commissioner, 115 T.C. 287 (2000), an analogous case, the Court held that it had jurisdiction to decide an affirmative defense raised by the petitioner in a section 7436 case (Proceedings for Determination of Employment Status).

[6]"If the Tax Court finds that the assessment or collection of a tax is barred by the statute of limitations, such a finding constitutes a decision that there is no deficiency with respect to such tax." Whirlpool Corp. v. Commissioner, 61 T.C. 182, 184

(continued...)

See Genesis Oil & Gas v. Commissioner, 93 T.C. 562 (1989); Rodgers v. Commissioner, 57 T.C. 711 (1972). For the reasons stated below, we deny petitioner's motion to amend the petition.[7]

Rule 41(a) provides that leave to amend "shall be given freely when justice so requires." In exercising its discretion, the Court may deny petitioner's motion for leave to amend if permitting an amended petition would be futile. Klamath-Lake Pharm. Association v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983); Estate of Ravetti v. Commissioner, T.C. Memo. 1992-697.

Petitioner contends that once this Court's jurisdiction has been properly invoked under section 6015(e), we also have jurisdiction to decide whether the period of limitations for assessing tax has expired. Respondent opposes petitioner's motion contending that when the Court's jurisdiction is based on section 6015(e), the Court's jurisdiction is limited to whether the taxpayer is entitled to relief from an existing joint and several liability on the basis of the specific relief provisions contained in section 6015.

---

[6](...continued)
(1973).

[7]Petitioner has not alleged in her petition or proposed amendment that the expiration of the period of limitations is a "factor" to be considered in deciding whether she is entitled to equitable relief under sec. 6015(f).

It is axiomatic that we are a Court of limited jurisdiction and may exercise our power only to the extent authorized by Congress.  Gati v. Commissioner, 113 T.C. 132, 133 (1999); Naftel v. Commissioner, 85 T.C. 527, 529 (1985).  In her "stand alone" petition, petitioner invoked our jurisdiction pursuant to section 6015(e) to review the Commissioner's denial of her request for relief from joint and several liability.  Section 6015(e)(1) provides in pertinent part:

> SEC. 6015(e).  Petition for Review by Tax Court.--
>
> (1)  In general.--In the case of an individual against whom a deficiency has been asserted and who elects to have subsection (b) or (c) apply--
>
> (A)  In general.--In addition to any other remedy provided by law, the individual may petition the Tax Court (and the Tax Court shall have jurisdiction) to determine the appropriate relief available to the individual under this section if such petition is filed--* * * [Emphasis added.]

We agree with respondent that the plain language of section 6015(e)(1) limits our jurisdiction to review the Commissioner's denial of the specific relief contemplated under section 6015.[8] See Ewing v. Commissioner, supra at 499; Butler v. Commissioner, 114 T.C. 276, 290 (2000); Brown v. Commissioner, T.C. Memo. 2002-

---

[8]"The plain meaning of legislation should be conclusive, except in the 'rare cases [in which] the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters.'"  United States v. Ron Pair Enters., Inc., 489 U.S. 235, 242 (1989) (quoting Griffin v. Oceanic Contractors, Inc., 458 U.S. 564, 571 (1982)).

187 (jurisdiction limited to relief contemplated under section 6015). Petitioner's amendment would allow her to go beyond the specific relief contemplated by section 6015 and question the viability of the tax liabilities from which she seeks relief. As previously stated, a finding that the period of limitations has expired is a complete legal bar to the assessment of the unpaid tax liability. See sec. 7459(e); Genesis Oil & Gas v. Commissioner, supra; Whirlpool Corp. v. Commissioner, 61 T.C. 182 (1973).

Section 6015 provides qualifying taxpayers with three distinct avenues of relief from joint and several tax liability. Section 6015(b) requires that the return from which the electing taxpayer seeks relief shows "an understatement of tax attributable to erroneous items of one individual filing the joint return". Sec. 6015(b)(1)(B). In addition, the electing taxpayer must show that "taking into account all the facts and circumstances, it is inequitable to hold the other individual liable for the deficiency in tax for such taxable year attributable to such understatement". Sec. 6015(b)(1)(D). Thus, a prerequisite to seeking relief under section 6015(b) is the existence of a tax deficiency.

In a similar vein, a taxpayer may seek relief pursuant to section 6015(c) for an "individual's liability for any deficiency which is assessed with respect to the return". Sec. 6015(c)(1).

The electing taxpayer bears the burden of proving "the portion of any deficiency allocable to such individual."  Sec. 6015(c)(2).  With respect to the allocation of the deficiency, section 6015(d)(1) instructs that

> The portion of any deficiency on a joint return allocated to an individual shall be the amount which bears the same ratio to such deficiency as the net amount of items taken into account in computing the deficiency and allocable to the individual under paragraph (3) bears to the net amount of all items taken into account in computing the deficiency.

Section 6015(c) clearly contemplates the existence of a joint tax deficiency from which relief is sought.

Section 6015(f) grants equitable relief to taxpayers who cannot otherwise qualify under subsections (b) or (c).  However, this avenue requires the existence of an "unpaid tax or any deficiency".  Sec. 6015(f)(1).[9]  Section 6015(f) presupposes the existence of a deficiency or unpaid tax liability.  Thus, section 6015(f) does not provide a platform upon which a taxpayer can prevail by merely using the strictly legal argument that the

---

[9]In Fernandez v. Commissioner, 114 T.C. 324 (2000), and Butler v. Commissioner, 114 T.C. 276 (2000), we held that this Court has jurisdiction to review denials of requests for relief from joint and several liability pursuant to sec. 6015(f) in both deficiency and "stand alone" proceedings.  Ewing v. Commissioner, 118 T.C. 494 (2002).  In Ewing, we held that this Court has jurisdiction, despite the absence of an asserted deficiency, to determine whether a taxpayer is entitled to equitable relief pursuant to sec. 6015(f).  This holding was predicated upon the language of sec. 6015(f)(1) providing for equitable relief from "any unpaid tax or any deficiency".

assessment of the underlying liability is barred.  When a taxpayer disputes the Commissioner's determination regarding relief sought pursuant to section 6015(f), the issue we have jurisdiction to address in a "stand alone" petition under section 6015(e) is whether the Commissioner erroneously denied equitable relief from an existing joint and several tax liability.

In support of her motion, petitioner cites our opinion in Neely v. Commissioner, 115 T.C. 287 (2000).  In Neely, a taxpayer invoked our jurisdiction by filing a petition pursuant to section 7436 seeking to review the Commissioner's adverse determination of worker classification.  One of the issues raised by the taxpayer in the petition was whether the assessment of taxes related to the Commissioner's determination of worker classification was barred by the period of limitations.  Id. at 289.  The Commissioner argued that we lacked jurisdiction to address matters relating to the period of limitations on assessments in the worker classification context.  We disagreed and explained that section 7436(a) provides the Court with jurisdiction to determine worker classification and whether a taxpayer is entitled to "safe harbor" relief.[10]  Id. at 291. With respect to the statute of limitations issue, we stated that

---

[10]The statute has since been amended giving us the jurisdiction to also determine "the proper amount of employment tax under such determination".  Consolidated Appropriations Act, 2001, Pub. L. 106-554, sec. 314(f), 114 Stat. 2763A-643.

"Once our jurisdiction has been properly invoked in a case, we require no additional jurisdiction to render a decision with respect to such an affirmative defense." Id. at 292. Thus, we held that where the parties were properly before the Court in an action brought under section 7436, the Court had jurisdiction to decide whether the period of limitations barred an assessment based on respondent's worker classification determination. Id. at 292-293.

Neely is distinguishable. In Neely, we reasoned that where the Court had jurisdiction to review the Commissioner's preassessment determination of worker classification, we likewise had jurisdiction to determine whether the Commissioner was barred from assessing employment taxes by the expiration of the period of limitations. Section 7436(a) granted us jurisdiction to "determine whether such a [worker classification] determination by the Secretary is correct". Like the deficiency procedures, the procedure set forth in section 7436 provides a preassessment forum for employment tax issues. In a preassessment proceeding it is logical to decide whether the proposed assessment is barred by the statute of limitations, and it is clear that we have jurisdiction in a deficiency proceeding to decide whether assessment of the deficiency is barred by the statute of limitations. See Woods v. Commissioner, 92 T.C. 776 (1989); Worden v. Commissioner, T.C. Memo. 1994-193; Ruff v.

Commissioner, T.C. Memo. 1990-521.  Section 7436(d)(1) specifically provides that the "principles * * * [of the sections governing deficiencies] shall apply to proceedings brought under this section in the same manner as if the Secretary's determination described in [section 7436] subsection (a) were a notice of deficiency."

In contrast to section 7436, section 6015 provides relief from an otherwise existing joint tax liability.  The relief from joint and several liability available in a section 6015(e) "stand alone" petition does not incorporate preassessment procedures. Section 6015 assumes that the electing taxpayer is to be relieved from an existing joint tax liability, not whether the underlying joint tax liability exists.  Section 7436, on the other hand, concerns whether a tax liability exists.  A section 6015(e) "stand alone" petition provides us with jurisdiction to determine whether the postassessment relief provided in section 6015 is appropriate.

Petitioner has not raised, and we do not address, whether the alleged expiration of the period of limitations on the assessment of the underlying deficiency or liability might be a "factor" in determining whether it would be inequitable under section 6015(f) to deny petitioner relief.  If petitioner wishes to argue that the alleged expiration of the period of limitations is a "factor" to consider in weighing the equities under section

6015(f), petitioner should move this Court to amend her petition to assert that specific allegation. Respondent, of course, would then be given an opportunity to challenge petitioner's motion.

Pursuant to the plain statutory language contained in section 6015, our jurisdiction in a "stand alone" case brought pursuant to section 6015(e) is limited to reviewing respondent's denial of relief from an existing joint and several tax liability under subsections (b), (c), and (f) of section 6015. The timeliness of the assessment of the underlying liability is not an independent ground for relief under section 6015. We have no jurisdiction over the issue petitioner wants to raise in her proposed amendment to the petition. Accordingly, her motion for leave to amend her petition is denied.

<u>An appropriate order denying petitioner's motion for leave to amend her petition will be issued</u>.