T.C. Summary Opinion 2008-76


UNITED STATES TAX COURT


ROSALYN MAPP FRETTY, Petitioner AND
RANDOLPH MAPP, Intervenor v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 7335-05S.                   Filed June 30, 2008.


Rosalyn Mapp Fretty, pro se.

Randolph Mapp, pro se.

James H. Brunson, III, for respondent.


    ARMEN, Special Trial Judge:[1]  This case was heard pursuant

to the provisions of section 7463 of the Internal Revenue Code in

---

    [1]  This case was submitted to Special Trial Judge Carleton
D. Powell, who died on Aug. 23, 2007, after the trial.  By order
dated Mar. 11, 2008, Chief Judge Colvin reassigned this case to
Special Trial Judge Robert N. Armen, Jr. without objection of the
parties.

effect when the petition was filed.[2]  Pursuant to section

7463(b), the decision to be entered is not reviewable by any

other court, and this opinion shall not be treated as precedent

for any other case.

The issues for decision are whether petitioner is entitled

to relief from joint and several liability pursuant to section

6015(c) or section 6015(f) for the taxable years 2000 and 2002.

## Background

Some of the facts have been stipulated, and they are so

found.  We incorporate by reference the parties' stipulations of

facts and the accompanying exhibits.

At the time the petition was filed, Rosalyn Mapp Fretty

(petitioner) resided in Georgia.

Petitioner married Randolph Mapp, intervenor (Mr. Mapp), in

1980 and divorced him in 2003 because of his issues with

"drinking and women".[3]  Petitioner is employed as a registered

nurse and has taxes regularly withheld from her wages.  Mr. Mapp

is a self-employed truck driver and reports his income and

---

[2]  Unless otherwise indicated, all subsequent section
references are to the Internal Revenue Code of 1986 as amended,
and all Rule references are to the Tax Court Rules of Practice
and Procedure.

[3]  We find it worth noting that Mr. Mapp almost missed
appearing at trial because he was so tardy.  He is behind on both
his alimony payments to petitioner and payments to the IRS.

expenses on Schedule C, Profit or Loss From Business.  He is also a Pentecostal minister.

During the taxable years 2000 and 2002, petitioner and Mr. Mapp were still married, and they filed the joint Federal income tax returns from which petitioner now seeks to be relieved of joint and several liability.

Although petitioner knew that Mr. Mapp generally earned approximately $100,000 per year before expenses, she never saw paychecks, check stubs, expense logs, or any paperwork related to Mr. Mapp's trucking business.  Petitioner signed both years' returns believing Mr. Mapp would pay any amounts due.  She did not carefully examine the returns she signed, trusting (erroneously, in retrospect) that her husband was handling their financial affairs properly.

Taxable Year 2000

It is clear from the record that the deficiency for the taxable year 2000 stemmed from Mr. Mapp's failure to report the income shown on a particular Form 1099-MISC, Miscellaneous Income (Form 1099).

In 2000, Mr. Mapp did work for two trucking companies with similar names:  Cornerstone Transportation, Atlanta and Cornerstone Transportation, South Carolina.  Each corporate entity issued him a separate Form 1099.  When a representative of H&R Block prepared the couple's tax return, she neglected to

include the income shown on the second Cornerstone Transportation Form 1099, believing it to be a duplicate.  Mr. Mapp, whose exclusive dealings with the tax preparer did not include petitioner, did not correct the error in the hope that it would go unnoticed, and did not advise petitioner of the error.

Although petitioner signed the 2000 joint return, she did not examine it closely, and she was not aware of the omission.

A notice of deficiency was issued when the IRS discovered the error.

Taxable Year 2002

After withholdings of $5,200 from petitioner's wages, petitioner and Mr. Mapp reported a balance due of $3,490 for the taxable year 2002.  The balance due was attributable to Mr. Mapp's failure to make sufficient estimated tax payments in respect of his income.  They did not submit payment with the return.  No notice of deficiency was issued for 2002.

Mr. Mapp promised petitioner that he would pay any tax due for both years because the amounts due essentially resulted from his business activities.  Further, Mr. Mapp was expressly required to pay the outstanding tax liabilities pursuant to the couple's marital settlement agreement.  Later, however, Mr. Mapp decided he no longer wished to be responsible for those debts, stopped making payments on the installment agreement previously negotiated with the IRS, and moved out of state.

Petitioner filed a Form 8857, Request for Innocent Spouse Relief, in the fall of 2003. Respondent denied the request and issued petitioner a notice of determination denying her relief for both the 2000 and 2002 taxable years.

Petitioner filed her petition with this Court, seeking relief under section 6015(c) or section 6015(f). Mr. Mapp exercised his right to intervene pursuant to Rule 325(b).

## Discussion

### Section 6015 Relief

Generally, married taxpayers may elect to file a Federal income tax return jointly. Sec. 6013(a). Each spouse filing a joint return is jointly and severally liable for the accuracy of the return and the entire tax due. Sec. 6013(d)(3). Under certain circumstances, however, section 6015 provides relief from joint liability. Section 6015 applies to any liability for tax arising after July 22, 1998, and to any liability for tax arising on or before July 22, 1998, remaining unpaid as of such date. Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. 105-206, sec. 3201(g), 112 Stat. 740.

In general terms, there are three avenues of relief under section 6015: (1) Section 6015(b) provides relief with respect to certain erroneous items on the return; (2) section 6015(c) provides for a separation of liability for divorced or separated taxpayers; and (3) section 6015(f) more broadly confers on the

Secretary discretion to grant equitable relief for taxpayers who otherwise do not qualify for relief under either subsection (b) or (c).  A prerequisite for relief under section 6015(b) or (c) is the existence of an "understatement of tax" or a tax deficiency.  Sec. 6015(b)(1)(B), (c)(1); Block v. Commissioner, 120 T.C. 62, 65-66 (2003).  Except as otherwise provided in section 6015, the requesting spouse bears the burden of proof. See, e.g., sec. 6015(b)(2); see also Rule 142(a).

Section 6015(b)

Under section 6015(b), the Court may grant a taxpayer full or apportioned relief from joint and several liability for an understatement of tax on a joint return if, among other requirements, the taxpayer establishes that she "did not know, and had no reason to know" that the other spouse understated that spouse's tax liability on the return.  Sec. 6015(b)(1)(C), (2). As petitioner requests consideration only under 6015(c) and 6015(f), we will limit our analysis to those subsections.

Section 6015(c)

Relief is not available to petitioner for the 2002 taxable year under section 6015(c) as there was no understatement of tax for that year.  However, there was a tax deficiency for the 2000 taxable year, and we hold that relief is appropriate for that year.

An election under section 6015(c) treats the former spouses as if they had filed separate returns, and each spouse's liability is limited to that portion of the deficiency properly allocable to the electing spouse.  See sec. 6015(c)(1), (d)(3); see also Rowe v. Commissioner, T.C. Memo. 2001-325.  Petitioner, with the help of Mr. Mapp's testimony, convinced us that the entire deficiency for 2000 was allocable to Mr. Mapp, and not to petitioner.  See sec. 6015(c); sec. 1.6015-3(d)(3), Income Tax Regs. (stating that the electing spouse has the burden to establish the proper allocation and that none of the applicable limitations apply).

Under section 6015(c), a requesting spouse may elect to allocate a deficiency if the following four conditions are met: (1) A joint return was filed; (2) at the time of the election, the requesting spouse is no longer married to the nonrequesting spouse;[4] (3) the requesting spouse elects the application of section 6015(c) no later than 2 years after the date on which collection activities have begun; and (4) the deficiency remains unpaid.  Petitioner meets all of these conditions.

Relief under section 6015(c) is not permitted if the Secretary is able to demonstrate that the requesting spouse had

---

[4]  This condition is also satisfied if the couple is legally separated or the requesting spouse and the nonrequesting spouse have not been members of the same household at any time during the 12-month period ending on the date the election was filed. See sec. 6015(c)(3)(A)(i).

actual knowledge of "any item giving rise to a deficiency" which is not allocable to the requesting spouse. Sec. 6015(c)(3)(C). In other words, it is respondent's burden in this case to establish that petitioner had actual knowledge of the error on the 2000 tax return. Both petitioner and Mr. Mapp credibly testified that petitioner had no knowledge of the error.

Respondent emphasized at trial that petitioner should have known that something was amiss when an amount less than Mr. Mapp's normal income was reported and that because she should have known, she actually did know. Whether she should have known about the omitted income is a question irrelevant to our analysis, and we remain unconvinced that petitioner actually knew of the error.

We hold that petitioner is entitled to relief for the 2000 taxable year under section 6015(c).

### Section 6015(f)

A taxpayer is entitled to relief from joint and several liability under section 6015(f) only if "relief is not available to such individual under subsection (b) or (c)". Sec. 6015(f). Because relief under section 6015(b) or (c) is not authorized for an underpayment of tax, petitioner is not eligible for relief under either 6015(b) or 6015(c) for 2002. The Court reviews the Commissioner's denial of section 6015(f) relief under an abuse of

discretion standard.  Butler v. Commissioner, 114 T.C. 276, 287-292 (2000).

Section 6015(f)(1) provides that a taxpayer may be relieved from joint and several liability if it is determined, after considering all the facts and circumstances, that it is inequitable to hold the taxpayer liable for the unpaid tax or deficiency.

Rev. Proc. 2003-61,[5] sec. 4.01, 2003-2 C.B. 296, 297, sets forth seven threshold conditions that the requesting spouse must satisfy before the Commissioner will consider a request for relief under section 6015(f).  Petitioner has satisfied those threshold conditions, and respondent does not seriously contend otherwise.

Where the requesting spouse satisfies the threshold conditions of Rev. Proc. 2003-61, sec. 4.01, Rev. Proc. 2003-61, sec. 4.02, 2003-2 C.B. at 298, sets forth the circumstances in which the Secretary will ordinarily grant relief under section 6015(f) with respect to the underpayment of a properly reported liability.  See Rev. Proc. 2003-61, sec. 4.02(1), 2003-2 C.B. at 298.  Because the record does not clearly demonstrate that petitioner would suffer financial hardship if equitable relief were not granted, see Rev. Proc. 2003-61, sec. 4.02(1)(c), we

---

[5]  Rev. Proc. 2003-61, 2003-2 C.B. 296, supersedes Rev. Proc. 2000-15, 2000-1 C.B. 447, and is effective as to requests for relief filed on or after Nov. 1, 2003.

continue our analysis under the framework set out in Rev. Proc. 2003-61, sec. 4.03, 2003-2 C.B. at 298-299.

Rev. Proc. 2003-61, sec. 4.03, lists several factors to be evaluated for requests for relief under section 6015 for spouses who filed a joint return (and have met the threshold conditions for relief under section 6015(f)) but do not qualify for relief under Rev. Proc. 2003-61, sec. 4.02. The nonexclusive list of factors to be considered includes: (1) Marital status; (2) economic hardship; (3) no knowledge or reason to know of the item giving rise to the deficiency; (4) whether the nonrequesting spouse had a legal obligation to pay the liability; (5) whether the requesting spouse benefited significantly from the item giving rise to the deficiency; and (6) whether the requesting spouse has made a good faith attempt to comply with the tax laws in subsequent years. Id. sec. 4.03(2)(a). No single factor will be determinative of whether equitable relief will be granted in any particular case. Id. sec. 4.03(2). Further, all relevant factors should be considered, even if not listed in the Revenue Procedure. See id.

We do not analyze in depth all of the factors enumerated but rather touch on some of the more important ones that inform our decision.

Petitioner is divorced from Mr. Mapp, and she has made a good faith attempt to comply with the tax laws. See id. sec.

4.03(2)(a)(i), (vi). Mr. Mapp had a legal obligation to pay the outstanding tax liability pursuant to their marital settlement agreement. See id. sec. 4.03(2)(a)(iv). Further, we are convinced that petitioner did not know, and had no reason to know, at the time she signed the return for 2002 that Mr. Mapp would not pay the tax liability as he had promised. See id. sec. 4.03(2)(a)(iii).

After reviewing all of the facts and circumstances in this case, we decide that respondent abused his discretion in denying petitioner's request for equitable relief for 2002.

Conclusion

On the basis of petitioner's credible testimony, supported by Mr. Mapp, as well as the entire record, we hold that petitioner is entitled to relief from joint and several liability for 2000 under section 6015(c) and for 2002 under section 6015(f). Accordingly,

Decision will be entered

for petitioner.