T.C. Memo. 2004-93

UNITED STATES TAX COURT

THERESA E. BARTMAN, f.k.a. THERESA ALBRECHT, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8139-02.                    Filed April 6, 2004.

<u>Jack B. Schiffman</u>, for petitioner.

<u>Jonae A. Harrison</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

FOLEY, <u>Judge</u>:  By Final Notice of Determination dated
January 29, 2002, respondent determined that petitioner was not
entitled to relief from joint and several income tax liability
relating to 1994, 1995, or 1996.  After the petition was filed,
respondent granted petitioner relief from joint and several

liability relating to the years in issue.  The sole issue for decision is whether petitioner is entitled to a refund of her 1995 overpayment.  The parties submitted this case fully stipulated pursuant to Rule 122.[1]

### FINDINGS OF FACT

Petitioner and Mark R. Albrecht timely filed their 1994, 1995, and 1996 joint Federal income tax returns.  On their 1995 return, petitioner and Mr. Albrecht reported a $12,377 balance due that was not paid when the return was filed.  Petitioner and Mr. Albrecht were separated in 1997 and divorced in 1999.  Petitioner timely filed her 1997 individual return on which she reported, and requested a refund of, a $1,922 overpayment.  On June 29, 1998, respondent credited petitioner's 1997 overpayment against a portion of her 1995 tax liability.

On February 2, 2001, petitioner requested, pursuant to section 6015(b), (c), and (f), relief from joint and several liability relating to 1994, 1995, and 1996.  On March 4, 2001, petitioner filed, on a Form 1040X, Amended U.S. Individual Income Tax Return (Form 1040X), a claim for refund relating to 1997.  In an attachment to the Form 1040X, petitioner stated that respondent's credit of petitioner's 1997 overpayment against a

---

[1]  Unless otherwise indicated, all section references are to the Internal Revenue Code, and all Rule references are to the Tax Court Rules of Practice and Procedure.

portion of her 1995 tax liability should be refunded to petitioner "based upon her meritorious claim for Innocent Spouse Relief."

By Final Notice of Determination dated January 29, 2002, respondent determined that petitioner was not entitled to relief from joint and several liability relating to 1994, 1995, or 1996. In response, on May 6, 2002, petitioner, while residing in Wildwood, Missouri, filed a petition pursuant to section 6015(e)(1) seeking review of respondent's determination. On April 15, 2003, respondent determined that petitioner was entitled to relief from joint and several liability, pursuant to section 6015(b), relating to 1994 and, pursuant to section 6015(f), relating to 1995 and 1996.

                              OPINION

Petitioner contends, in essence, that the overpayment in issue relates to 1997 and, therefore, pursuant to section 6511(a), her refund claims were timely. Respondent contends that because respondent made no determination relating to 1997, the Court has no jurisdiction over that year. Respondent further contends that the overpayment in issue relates to 1995, and, therefore, petitioner is not entitled to a refund of her overpayment because her refund claims were made after the

expiration of the period of limitations prescribed by section 6511(a).

We do not have jurisdiction over 1997 because respondent made no determination relating to that year.  Sec. 6015(e)(1); Block v. Commissioner, 120 T.C. 62, 65 (2003).  Nevertheless, we must determine the effect of respondent crediting, pursuant to section 6402(a), petitioner's 1997 overpayment against a portion of her 1995 tax liability.  As a result of this credit and respondent's determination that petitioner was entitled to section 6015(f) relief, petitioner overpaid her 1995 tax liability.  Sec. 6015(g)(1); Washington v. Commissioner, 120 T.C. 137, 160 (2003) (stating that a taxpayer granted, pursuant to section 6015(f), relief from joint and several liability is, subject to the limitations set forth in section 6511, entitled to a refund of an overpayment).  Thus, the issue is whether petitioner is entitled to a refund of that overpayment.

Petitioner's request for relief from joint and several liability, filed February 2, 2001, is her earliest refund claim relating to her 1995 overpayment.[2]  Washington v. Commissioner, supra at 162 (stating that a taxpayer's request for relief from

---

[2]  Petitioner's 1997 return, filed prior to the July 22, 1998, enactment of sec. 6015, is not a refund claim relating to 1995 because it could not have adequately apprised respondent of the basis of petitioner's 1995 refund claim.  Washington v. Commissioner, 120 T.C. 137, 160-161 (2003).

joint and several liability encompasses a refund request).  This claim was filed more than 3 years after the filing of the 1995 return on April 15, 1996, and more than 2 years after respondent credited the 1997 overpayment against a portion of petitioner's 1995 tax liability on June 29, 1998.  Secs. 6511(a) (providing that to obtain a refund of the overpayment, a taxpayer must file a refund claim within the later of 3 years from the date the return was filed or 2 years from the date the tax was paid), 7422(d).

Thus, petitioner is not entitled, pursuant to section 6511(b)(1), to a refund of her overpayment relating to 1995.

Contentions we have not addressed are irrelevant, moot, or meritless.

To reflect the foregoing,

<u>Decision will be entered for respondent</u>.