T.C. Memo. 2007-117


UNITED STATES TAX COURT


LYNNE M. SMITH, Petitioner, AND STANLEY J. SMITH, Intervenor <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 8644-05.                    Filed May 9, 2007.


<u>Philip J. Vecchio</u>, for petitioner.

Stanley J. Smith, pro se.

<u>John R. Mikalchus</u>, for respondent.


MEMORANDUM OPINION


CHIECHI, <u>Judge</u>:  This case is before the Court on respon-
dent's motion to dismiss for lack of jurisdiction (respondent's
motion).  Respondent filed respondent's motion after the Court
issued <u>Billings v. Commissioner</u>, 127 T.C. 7 (2006), and before
Congress enacted the Tax Relief and Health Care Act of 2006

(Act).  We shall grant respondent's motion.

## Background

In support of respondent's motion, respondent relies on
Billings v. Commissioner, supra, in which the Court held that it
lacks jurisdiction under section 6015(e)[1] to review a determina-
tion under section 6015(f) where no deficiency has been asserted.

Stanley J. Smith, intervenor in this case, filed a response
to respondent's motion in which he indicated that respondent's
motion should be granted.

Petitioner filed a response to respondent's motion (peti-
tioner's response) in which she indicated that respondent's
motion should be denied.  In support of her position, petitioner
argued in petitioner's response that "Billings is not wholly
dispositive of this proceeding."  That is because, according to
petitioner, respondent made a wrongful levy with respect to her
taxable years 1998 and 2002, and "the Tax Court has jurisdiction
to address wrongful levy refund claims and equitable relief under
Internal Revenue Code section 6330."

About five months after the Court issued its opinion in
Billings v. Commissioner, supra, Congress passed the Act.  The
Act amended section 6015(e)(1) to provide that the Court may
review respondent's denial of relief under that section in any

---

[1]All section references are to the Internal Revenue Code in
effect before its amendment by the Act.

case where an individual requested relief under section 6015(f). Tax Relief and Health Care Act of 2006, Pub. L. 109-432, div. C, sec. 408(a), 120 Stat. 2922, 3061.  That amendment applies "with respect to liability for taxes arising or remaining unpaid on or after the date of the enactment of this Act."  Id. sec. 408(c), 120 Stat. 3062.  The date of enactment of the Act was December 20, 2006.

On January 10, 2007, the Court issued an Order (January 10, 2007 Order) in which it directed each party to address the Court's jurisdiction in this case in light of the amendment that the Act made to section 6015(e)(1).

Respondent filed a response to the Court's January 10, 2007 Order (respondent's response to the Court's Order) in which respondent stated in pertinent part:

> 4.  The balance of tax due for taxable years 1998 and 2002 was paid on April 27, 2006 pursuant to a levy issued to Anthony Arcodia, Jr., an attorney who was holding in escrow the proceeds of the sale of the former residence of the petitioner and the intervenor.
>
> 5.  The tax liabilities, including interest and penalties, for which petitioner is seeking relief pursuant to I.R.C. § 6015(f) were both fully paid on April 27, 2006, which date is prior to the enactment of the Act.  Thus, the liabilities at issue did not remain unpaid as of the date of enactment.  As a result, the amendments to I.R.C. § 6015(e) made by the Act * * * do not apply to the present case.  Because the amendments do not apply, I.R.C. § 6015(e) as it existed before the amendments and the law concerning that statute apply to the present case.
>
> 6.  Before the amendments, I.R.C. § 6015(e), by its terms, only granted the Tax Court jurisdiction "[i]n the

case of an individual against whom a deficiency has been asserted."

\*      \*      \*      \*      \*      \*      \*

8.  In this case respondent has not determined a deficiency for the years at issue.  Therefore, respondent respectfully states that the Tax Court lacks jurisdiction over this case.

On February 28, 2007, petitioner filed a response to the Court's January 10, 2007 Order (petitioner's response to the Court's Order) in which petitioner stated in pertinent part:

the question in the case at hand is whether or not the liability for taxes remains unpaid on the date of enactment of the Tax Relief and Health Care Act of 2006.  Petitioner maintains that the liability for taxes remains unpaid on the date of enactment because Respondent's levy of **escrow** funds was wrongful, Petitioner was denied collection due process, and Petitioner has timely filed a demand to have the levied funds restored to the **escrow** account \* \* \*

On April 4, 2007, respondent filed a reply to petitioner's response to the Court's Order (respondent's reply) in which respondent stated in pertinent part:

5.  First, respondent was not prohibited from pursuing collection action in this case under I.R.C. § 6015.  The restrictions on collection action while a claim for relief under I.R.C. § 6015 is pending with this Court, imposed by I.R.C. § 6015(e)(1)(B) (as in effect at the time of the levy), only apply to requests for relief under I.R.C. § 6015(b) or (c).  Because petitioner was requesting relief pursuant to I.R.C. § 6015(f), respondent was not prevented from pursuing collection action to collect the tax liabilities in this case.

6.  Second, in a stand-alone case such as this, where jurisdiction is predicated on I.R.C. § 6015(e), the only issue is whether petitioner is entitled to relief under I.R.C. § 6015.  Block v. Commissioner, 120

T.C. 62, 64-5 (2003). Therefore, petitioner cannot raise the validity of the levy in this case.

7. Thus, as argued in detail in Respondent's Response to the Court's Order dated January 10, 2007, the Court does not have jurisdiction in this case because (1) the amendments made by the Act do not apply to this case because the liabilities at issue were full[y] paid prior to the effective date; and (2) the Court lacks jurisdiction under former I.R.C. § 6015(e) because respondent did not determine a deficiency against petitioner. * * *

8. Even assuming, arguendo, that the Court can consider the validity of the levy, the levy was valid.

*       *       *       *       *       *       *

11. More specifically, on February 7, 2006, Revenue Officer Ebenhoch issued Letter 1058A, "Final Notice - Notice of Intent to Levy and Notice of Your Right to a Hearing" (hereinafter referred to as the "CDP notice"), by certified mail to petitioner at 12 Oxford Road, Slingerlands, New York 12159. * * * This letter constituted petitioner's Collection Due Process notice for a proposed levy action to collect the outstanding joint tax liabilities for the 1998 * * * and 2002 tax years. Revenue Officer Ebenhoch also mailed a copy of the CDP notice to petitioner's attorney, Philip J. Vecchio. * * *

12. On February 15, 2006, Revenue Officer Ebenhoch received the return receipt from the CDP notice indicating that the notice had been accepted for delivery. According to the return receipt, it was signed by Lynn [sic] M. Smith on February 14, 2006. * * *

13. On March 28, 2006, Revenue Officer Ebenhoch issued a Notice of Levy to Anthony Arcodia, Jr. to levy on the escrow funds. * * *

14. On April 27, 2006, Revenue Officer Ebenhoch received two checks from Anthony Arcodia, Jr. totaling $68,597.57. Of this amount, $50,537.97 was applied to fully pay the joint balances due for the 1998, 2001, and 2002 tax years of the petitioner and the inter-venor. * * *

15. In Petitioner's Response [to the Court's Order], petitioner states in paragraph 5 that respondent issued a "notice of levy" against an escrow account on February 7, 2006. As evidenced by the preceding discussion, the CDP notice was issued on this date while the Notice of Levy was issued on March 28, 2006.

16. Petitioner had 30 days from the issuance of the CDP notice in which to request in writing a collection due process hearing with respondent's Office of Appeals. I.R.C. §§ 6330(a)(2) and (b)(1); Treas. Reg. § 301.6330-1(c)(2)(Answer C-1).

17. Respondent has no record of petitioner filing Form 12153 or any other written request with respondent requesting a collection due process hearing within 30 days after the mailing of the CDP notice. Exhibit D to Petitioner's Response [to the Court's Order] indicates that counsel for petitioner first contacted Revenue Officer Ebenhoch on March 29, 2006, which date was more than 30 days after the issuance of the CDP notice. Moreover, counsel for petitioner states in paragraph 9 to Petitioner's Response [to the Court's Order] that he contacted respondent's Appeals Officer Estelle Gottlieb on March 30, 2006. He states in paragraph 10 that "by virtue of this latter request of Ms. Gottlieb, Petitioner's Counsel intended that a hearing be held with respect to the Notice of Levy." Again, this contact date occurred more than 30 days after the mailing of the CDP notice. Thus, even if petitioner is construed to have informally made a request for a collection due process hearing pursuant to this contact, said request was not timely and petitioner was not entitled to a hearing.

## Discussion

The amendment to 6015(e)(1) that the Act made applies only "with respect to liability for taxes arising or remaining unpaid on or after", Tax Relief and Health Care Act of 2006, Pub. L. 109-432, div. C, sec. 408(c), 120 Stat. 2922, 3062, December 20, 2006, the date of the enactment of the Act. Petitioner admits

that, pursuant to a levy issued to Anthony Arcodia, Jr. (Mr. Arcodia), an attorney who was holding in escrow the proceeds of the sale of the former residence of petitioner and the intervenor, Mr. Arcodia paid on April 27, 2006, the liability for tax with respect to, inter alia, each of petitioner's taxable years 1998 and 2002. Although petitioner makes various claims in petitioner's response to the Court's Order that that levy was unlawful, the fact remains that there was no liability for tax for petitioner's taxable year 1998 or her taxable year 2002 that remained unpaid on or after December 20, 2006, the date of the enactment of the Act.[2]

We hold that the amendment to section 6015(e)(1) that the Act made does not apply in the instant case. We further hold that we do not have jurisdiction over the instant case to determine whether petitioner is entitled to relief under section 6015(f) where no deficiency has been asserted with respect to petitioner's taxable year 1998 or her taxable year 2002. Billings v. Commissioner, 127 T.C. 7 (2006).

---

[2]Assuming arguendo (1) that we had the authority in the instant case to determine whether the levy issued to Mr. Arcodia was valid and (2) that we were to determine that that levy was invalid, the fact nonetheless remains that there was no liability for tax for petitioner's taxable year 1998 or her taxable year 2002 that remained unpaid on or after Dec. 20, 2006, the date of the enactment of the Act. That would be true even if petitioner were entitled to a refund of the amount that Mr. Arcodia paid on Apr. 27, 2006, with respect to the tax liability for each of those years.

To reflect the foregoing,

<u>An order granting respondent's
motion to dismiss for lack of ju-
risdiction will be entered</u>.