T.C. Memo. 2015-221

UNITED STATES TAX COURT

LORI L. HALL, Petitioner <u>v.</u>
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 22084-14.　　　　　　　　　Filed November 19, 2015.

<u>Ray Cody Mayo, Jr.</u>, for petitioner.

<u>Thomas Alan Friday</u> and <u>Horace Crump</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

NEGA, <u>Judge</u>:　Petitioner seeks relief under section 6015(f)[1] from joint and

several liability stemming from joint Federal income tax returns she filed with her

husband for tax years 2010 and 2011.

---

[1]Unless otherwise indicated, all section references are to the Internal
Revenue Code in effect for the year in issue, and all Rule references are to the Tax
Court Rules of Practice and Procedure.　All dollar amounts are rounded to the
nearest dollar.

[*2]                    FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioner resided in Texas with her husband and daughter when her petition was filed. She filed joint returns with her husband for tax years 2010 and 2011.

Petitioner has a bachelor of science degree and is employed as an elementary school teacher. For several years she and her husband owned a chicken farming business. Petitioner's husband primarily ran the chicken farming business. In 2011 petitioner's husband decided to sell the chicken farming business because of several years of losses. Petitioner knew of the chicken farming business' unprofitability in the years leading up to the sale.

Petitioner and her husband maintained a joint bank account during 2010 and 2011. Her husband paid the bills and managed the finances of the household with minimal input from petitioner. He did not restrict petitioner's access to their joint bank account or the household finances. Petitioner deposited her paychecks into their joint bank account.

Petitioner filed a joint Federal income tax return for tax year 2012. She and her husband did not pay the amount shown as due on the return for that year. At

[*3] trial petitioner testified that she believed she had to sign the return even though she knew the tax liability could not be paid.

After filing a joint return for tax year 2012, petitioner became aware that she could file as "married filing separately". For tax year 2013 petitioner filed as married filing separately and reported no tax liability. At trial petitioner testified that since the time she became aware she could file separately, she has tried to comply with the tax laws.

Petitioner timely filed Form 8857, Request for Innocent Spouse Relief, seeking relief from joint and several liability for tax years 2010 and 2011. On that form petitioner reported monthly income of $18,300 and monthly expenses of $18,371. She also indicated that she was not the victim of spousal abuse.

In a final determination dated August 24, 2014, respondent denied petitioner's request for relief from joint and several liability for tax years 2010 and 2011.

OPINION

In general, a spouse who files a joint Federal income tax return is jointly and severally liable for the entire tax liability. Sec. 6013(d)(3). A spouse seeking relief from joint and several liability may follow procedures established in section 6015. If the disputed liabilities involve nonpayment of taxes shown on a joint

**[\*4]** return, the only relief available is under section 6015(f). See Hopkins v. Commissioner, 121 T.C. 73, 88 (2003); see also Block v. Commissioner, 120 T.C. 62, 66 (2003). Section 6015(f) authorizes the Commissioner to grant equitable relief from joint and several liability if, taking into account all the facts and circumstances, it is inequitable to hold a taxpayer liable for any unpaid tax.

In determining whether petitioner is entitled to section 6015(f) relief we apply a de novo standard of review as well as a de novo scope of review. See Porter v. Commissioner, 132 T.C. 203, 210 (2009). Petitioner bears the burden of proving that she is entitled to relief. See id. (citing Rule 142(a)).

As directed by section 6015(f), the Commissioner has prescribed procedures to determine whether a taxpayer qualifies for equitable relief from joint and several liability. These procedures are set forth in Rev. Proc. 2013-34, sec. 4, 2013-43 I.R.B. 397, 399-403.

I.     Rev. Proc. 2013-34:  Equitable Factors

Rev. Proc. 2013-34, sec. 4.01-4.03, lists threshold conditions, circumstances, and factors used to make a section 6015(f) determination. Although the Court consults these guidelines when reviewing the Commissioner's denial of relief, see Washington v. Commissioner, 120 T.C. 137, 147-152 (2003), we are not bound by them inasmuch as our analysis and determination ultimately

[*5] turn on an evaluation of all the facts and circumstances, see Pullins v. Commissioner, 136 T.C. 432, 438-439 (2011); Porter v. Commissioner, 132 T.C. at 210; Hudgins v. Commissioner, T.C. Memo. 2012-260.

Rev. Proc. 2013-34, sec. 4.01, sets forth seven threshold conditions that must generally be satisfied before the Commissioner will consider a request for equitable relief under section 6015(f). There is no dispute that petitioner satisfies each of the seven threshold conditions. Rev. Proc. 2013-34, sec. 4.02, sets forth elements that a requesting spouse must satisfy to qualify for a streamlined determination granting relief under section 6015(f). Petitioner does not qualify for streamlined relief because she is currently married to the person with whom she filed a joint return for tax years 2010 and 2011. Instead, petitioner argues for relief under the equitable relief factors in Rev. Proc. 2013-34, sec. 4.03.

Rev. Proc. 2013-34, sec. 4.03, states that equitable relief under section 6015(f) may be granted if, taking into account all the facts and circumstances, it would be inequitable to hold the requesting spouse responsible for all or part of the liability. In making the decision, the Commissioner weighs a number of factors including but not limited to the requesting spouse's: (1) marital status; (2) possible economic hardship if relief is not granted; (3) knowledge or reason to know that the tax liability would or could not be paid; (4) legal obligation to pay

[*6] the outstanding Federal income tax liability; (5) receipt of a significant benefit from the unpaid income tax liability; (6) compliance with income tax laws; and (7) mental or physical health at the time of filing.

We focus our inquiry on factors (2), (3), (5), and (6).  The other factors listed above are not in dispute and do not favor granting relief.  We examine each disputed factor in detail below.

A.      Economic Hardship

Rev. Proc. 2013-34, sec. 4.03, states that an economic hardship "exists if satisfaction of the tax liability in whole or in part will cause the requesting spouse to be unable to pay reasonable basic living expenses."  Whether a requesting spouse will suffer economic hardship is based on rules similar to those in section 301.6343-1(b)(4), Proced. & Admin. Regs.  The facts and circumstances considered in this inquiry include:  (1) the requesting spouse's age, employment status and history, ability to earn, and number of dependents; (2) the amount reasonably necessary for food, clothing, housing, medical expenses, transportation, and current tax payments; and (3) any extraordinary circumstances such as special education expenses, a medical catastrophe, or a natural disaster.  Id.  In addition, the Internal Revenue Service (IRS) considers the requesting spouse's current income (including how the requesting spouse's income compares

**[*7]** to Federal poverty guidelines) and assets in comparison with his or her expenses.  Rev. Proc. 2013-34, sec. 4.03(2)(b).  This factor weighs in favor of relief where the requesting spouse would suffer economic hardship if relief were denied and is neutral where the requesting spouse would not suffer economic hardship if relief were denied.  Id.

Petitioner's Form 8857 for tax years 2010 and 2011 indicates that her monthly income is $18,300 and her monthly expenses are $18,371.  If we use her self-reported monthly income as a baseline, petitioner's annual income is well above 250% of the Federal poverty guidelines for 2010 and 2011 and her monthly expenses do not exceed her monthly income by more than $300.  See id.  On the basis of the record, petitioner has not proven that she will suffer economic hardship if the Court denies her relief.  This factor is neutral.

B.      Knowledge or Reason To Know

Under this factor we examine whether the requesting spouse knew or had reason to know that the nonrequesting spouse would not or could not pay a reported but unpaid tax liability.  See Rev. Proc. 2013-34, sec. 4.03(2)(c)(ii).  In determining whether the requesting spouse knew or had reason to know that the nonrequesting spouse would not or could not pay, the following facts and circumstances are considered:  (1) the requesting spouse's level of education;

**[*8]** (2) the requesting spouse's degree of involvement in the activity generating the income tax liability; (3) the requesting spouse's involvement in business or household financial matters; (4) the requesting spouse's business or financial expertise; (5) any deceit or evasiveness of the nonrequesting spouse; and (6) any lavish or unusual expenditures compared with past spending levels. Id. sec. 4.03(2)(c)(iii). Any indication of abuse or the exercise of financial control by the nonrequesting spouse is a factor that may mitigate or negate the requesting spouse's knowledge or reason to know of the understatement if the requesting spouse was unable to challenge the treatment of items on the tax return for fear of retaliation by the nonrequesting spouse. Id. sec. 4.03(2)(c)(i)(A).

This factor weighs in favor of relief if the requesting spouse reasonably expected the nonrequesting spouse to pay the tax liability reported on the return and weighs against relief if the requesting spouse's belief that the nonrequesting spouse would pay was not reasonable. Id. sec. 4.03(2)(c)(ii). This factor generally weighs against relief where the requesting spouse knew of the nonrequesting spouse's prior bankruptcies, financial difficulties, or other problems with the IRS or other creditors. Id.

Petitioner stated on her Form 8857 that she was not the victim of spousal abuse, and she acknowledges that she knew of her husband's financial difficulties

[*9] during 2010 and 2011.  However, petitioner argues that the fact that her husband exercised financial control over the household finances mitigates the extent of her knowledge for purposes of this requirement.  We are not persuaded.  Although petitioner's husband managed the household finances and paid the bills, petitioner was able to access their joint bank account at any time and deposit her paychecks into the account.  Simply put, the degree of her husband's financial control did not serve to restrict her access to their finances.  See Reilly-Casey v. Commissioner, T.C. Memo. 2013-292; see also Rev. Proc. 2013-34, sec. 4.03(2)(c)(i)(A).  Furthermore, the record does not indicate that petitioner feared retaliation from her husband if she challenged the treatment of items on their returns.  See Rev. Proc. 2013-34, sec. 4.03(2)(c)(i)(A).  The record adequately reflects that petitioner knew or had reason to know that her husband would not or could not pay their reported tax liabilities for tax years 2010 and 2011.  This factor favors respondent.

### C.     Significant Benefit

Under this factor we consider whether the requesting spouse received a significant benefit, beyond normal support, from the unpaid income tax liability.  Id. sec. 4.03(2)(e).  Normal support is measured by the circumstances of the particular parties.  Porter v. Commissioner, 132 T.C. at 212.  This factor will

**[\*10]** weigh in favor of relief if the nonrequesting spouse significantly benefited from the unpaid tax or understatement and the requesting spouse had little or no benefit or the nonrequesting spouse enjoyed the benefit to the requesting spouse's detriment. Rev. Proc. 2013-34, sec. 4.03(2)(e).

Petitioner did not adequately address this factor in her filings with the Court or at trial. This factor is neutral.

D.     Compliance With Income Tax Laws

Under this factor we consider whether the requesting spouse made a good-faith effort to comply with the income tax laws for the taxable years following the years for which relief is requested. Id. sec. 4.03(2)(f), 2013-43, I.R.B. at 402-403. If the requesting spouse remains married to the nonrequesting spouse and continues to file joint returns after requesting relief, then this factor will be neutral if the joint returns comply with the tax laws. Id. sec. 4.03(2)(f)(ii). However, if the requesting spouse remains married to the nonrequesting spouse and files separate returns after requesting relief, then this factor will weigh in favor of relief if the returns comply with the tax laws. Id. sec. 4.03(2)(f)(iii).

Although petitioner filed a joint return with her husband for 2012 and did not pay the reported tax liability, we find that she testified credibly that she made a good-faith effort to comply with the income tax laws for this year and the years

**[*11]** following when she discovered that she could file separate returns. This factor favors petitioner.

## II.   Conclusion

In summary, one of the disputed factors weighs in favor of respondent and one of them weighs in favor of petitioner. The remaining disputed factors are neutral. However, our decision whether relief is appropriate is not based on a simple tally of factors. See, e.g., Hudgins v. Commissioner, T.C. Memo. 2012-260. Rather, our decision is heavily influenced by the totality of the circumstances in this case. Weighing all the facts and circumstances, we are not persuaded that it would be inequitable to deny petitioner relief from joint and several liability under section 6015(f). Considering that petitioner knew or had reason to know that her husband would not or could not pay the tax liabilities reported on their returns, and in the absence of economic hardship, we conclude that it would not be inequitable to deny petitioner relief under section 6015(f) for tax years 2010 and 2011.

We have considered the other arguments of the parties, and they are not material to our conclusions.

- 12 -

**[*12]** To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.