T.C. Memo. 2019-51

UNITED STATES TAX COURT

CRAIG KENNETH MARTIN, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 15742-17.                     Filed May 15, 2019.

Craig Kenneth Martin, pro se.

Nicholas R. Rosado, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

KERRIGAN, Judge:  This proceeding was commenced under section 6015

for review of the Internal Revenue Service's (IRS or respondent) determination

that petitioner is not entitled to relief from joint and several liability with respect

[*2] to his joint 1999 Federal income tax return. The issue for our consideration is whether petitioner is entitled to relief under section 6015(b), (c), or (f).[1]

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

FINDINGS OF FACT

Some of the facts have been stipulated and are incorporated in our findings by this reference. Petitioner resided in California when he timely filed his petition.

Petitioner and his former wife were married in 1981. They divorced in 2007. Petitioner remarried in 2009. He was previously licensed to practice law in California and practiced law as a solo practitioner.

Petitioner did not timely file a 1999 Federal income tax return. His former wife prepared and filed their tax returns. He would give her his Forms 1099-MISC, Miscellaneous Income, and he would sign the completed return. He took no action to ensure that a 1999 tax return was filed, and no return was filed until

---

[1]Sec. 6015(e)(1) limits our jurisdiction to reviewing respondent's denial of the specific relief contemplated under sec. 6015. Block v. Commissioner, 120 T.C. 62, 64-65 (2003). Therefore, we do not have jurisdiction to decide whether the period of limitations has expired. See Ogonoski v. Commissioner, T.C. Memo. 2004-52, slip op. at 21.

[*3] 2003. Respondent's copy of the 1999 tax return has been destroyed, and petitioner did not provide a copy. Respondent examined petitioner's 1999 return. Respondent's account transcript for the examination shows an assessment of $59,273 on September 8, 2003.

Petitioner's 2016 Federal income tax return reported income of $75,584. He did not file a 2017 tax return.

On November 24, 2015, petitioner submitted a Form 8857, Request for Innocent Spouse Relief, and requested innocent spouse relief for 1999, 2002, 2006, and 2007. On April 21, 2017, respondent issued a final Appeals determination for 1999, which denied relief pursuant to section 6015(b), (c), and (f). The basis for denial was that the available information did not show that petitioner met the requirements for relief, that he knew or had reason to know of the income or deductions that caused "the additional tax," and that it would not be unfair to hold him responsible for the liability.

OPINION

Generally, married taxpayers may elect to file a joint Federal income tax return. Sec. 6013(a). After this election is made, each spouse is jointly and severally liable for the entire tax due for that taxable year. Sec. 6013(d)(3). Section 6015 provides a spouse with three alternatives for relief from joint and

**[\*4]** several liability:  (1) full or partial relief under subsection (b),

(2) proportionate relief under subsection (c), and (3) if relief is not available under

subsection (b) or (c), equitable relief under subsection (f).

This Court has jurisdiction to review respondent's denial of petitioner's

request for equitable relief under section 6015(b), (c), and (f).  See sec. 6015(e)(1).

We apply a de novo standard of review as well as a de novo scope of review.  See

Porter v. Commissioner, 132 T.C. 203, 210 (2009).

I.      Section 6015(b)

In order to be entitled to relief under section 6015(b), a taxpayer must

satisfy the requirements of subparagraphs (A) through (E) of section 6015(b)(1).

Petitioner is not entitled to relief under section 6015(b) because he does not meet

the requirement of subparagraph (B) that there be "an understatement of tax

attributable to erroneous items of one individual filing the joint return".  Sec.

6015(b)(1)(B).

II.     Section 6015(c)

Under section 6015(c) if the requesting spouse is no longer married to or is

legally separated from the spouse with whom he or she filed the joint return, he or

she may elect to limit liability for a deficiency as provided in section 6015(d).

Sec. 6015(c)(1), (3)(A)(i)(I); DeMattos v. Commissioner, T.C. Memo. 2010-110,

**[\*5]** slip op. at 10. Petitioner is not entitled to relief under section 6015(c) because there was no deficiency.

III.    Section 6015(f)

Section 6015(f) provides alternative relief for a requesting spouse who does not qualify under section 6015(b) or (c). Sec. 6015(f)(2); Porter v. Commissioner, 132 T.C. at 206. Section 6015(f)(1) permits relief from joint and several liability if it would be inequitable to hold the requesting spouse liable for any unpaid tax or any deficiency. Under section 6015(f) the Secretary may grant equitable relief to a requesting spouse on the basis of the facts and circumstances. Petitioner bears the burden of proving that he is entitled to equitable relief under section 6015(f). See Rule 142(a); Porter v. Commissioner, 132 T.C. at 210.

The Commissioner issued Rev. Proc. 2013-34, 2013-43 I.R.B. 397, modifying and superseding Rev. Proc. 2003-61, 2003-2 C.B. 296, to provide guidance for determining whether a taxpayer is entitled to equitable relief from joint and several liability. Rev. Proc. 2013-34, supra, is effective for all requests for equitable relief pending on or after September 16, 2013, including those before a Federal court. Id. sec. 7, 2013-43 I.R.B. at 403. While the Court may consider the guidance set forth in Rev. Proc. 2013-34, supra, we are not bound by it; our determination ultimately rests on an evaluation of all the facts and circumstances.

[*6] See Pullins v. Commissioner, 136 T.C. 432, 438-439 (2011); Johnson v. Commissioner, T.C. Memo. 2014-240, at *10.

Rev. Proc. 2013-34, supra, provides a three-step analysis for evaluating a request for equitable relief. The first step consists of seven threshold conditions that must be met. Id. sec. 4.01, 2013-43 I.R.B. at 399-400. Because there is no record of the filed 1999 tax return, it is unclear whether the seventh condition, that the tax liability be attributable to the nonrequesting spouse, was met.

The second step of the analysis provides three conditions that, if met, will qualify a requesting spouse for a streamlined determination of relief under section 6015(f). Id. sec. 4.02, 2013-43 I.R.B. at 400. Petitioner failed to establish eligibility for a streamlined determination because we are unable to determine whether one requirement, that he would suffer economic hardship if not granted relief, is met. See id. Petitioner did not provide evidence that he would face economic hardship if relief was not granted. His 2016 tax return reported $75,584 in income, and he has not yet filed a 2017 tax return.

A third step is available if the requesting spouse satisfies the threshold conditions but fails to satisfy the conditions for a streamlined determination. A requesting spouse is eligible for equitable relief under section 6015(f) if, taking into account all the facts and circumstances, it would be inequitable to hold the

**[\*7]** requesting spouse liable for the unpaid tax or deficiency.  Id. sec. 4.03.  Since it is unclear whether petitioner met the seven threshold conditions, we will assume that they were met.  However, even with the threshold conditions met, petitioner is not eligible for relief pursuant to section 6015(f).

Rev. Proc. 2013-34, sec. 4.03, lists the following nonexclusive factors that the IRS takes into account when determining whether to grant equitable relief: (1) marital status; (2) economic hardship; (3) in the case of underpayment, knowledge or reason to know that the nonrequesting spouse would not or could not pay the underpayment of tax reported on the joint income tax return; (4) legal obligation; (5) significant benefit; (6) compliance with tax laws; and (7) mental or physical health.  Relief may be denied even where a majority of these nonexclusive factors favors relief and vice versa.  See id. sec. 3.05, 2013-43 I.R.B. at 398.

Because of the limited record before us, we cannot analyze all of the nonexclusive factors.  Petitioner did not put forth enough evidence to show that he is entitled to equitable relief, and therefore he did not meet his burden of proof.  See Rule 142(a); Porter v. Commissioner, 132 T.C. at 210.  We conclude that it would not be inequitable to deny petitioner relief under section 6015(f).

[*8]   To reflect the foregoing,

Decision will be entered for
respondent.