T.C. Memo. 2018-183

UNITED STATES TAX COURT

KAAMILYA F. ABDELHADI, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 4817-17.                    Filed October 29, 2018.

<u>Timothy C. Kingston</u>, for petitioner.

<u>Donielle A. Hubbard</u> and <u>Horace Crump</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

PUGH, <u>Judge</u>:  Petitioner seeks review under section 6015(e)(1)[1] of

respondent's determination that she is not entitled to relief from joint and several

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code of 1986, as amended and in effect at all relevant times.  Rule references are to the Tax Court Rules of Practice and Procedure.  All monetary amounts are rounded to the nearest dollar.

[*2] liability with respect to a tax liability arising from a joint Federal income tax return filed under her name and under the name of Yahya Abdelhadi for taxable year 2007. The issue we must decide is whether petitioner is entitled to relief from joint and several liability with respect to 2007.

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulated facts are incorporated in our findings by this reference. Petitioner resided in Alabama when she timely filed her petition.

Petitioner met Mr. Abdelhadi in 2001 when she was 18 years old and began living with him on and off in 2003. She continued to maintain a separate residence until 2014. In 2003 she and Mr. Abdelhadi had a daughter, and in 2007 they had a son. In 2011 Mr. Abdelhadi married another woman, but that marriage ended in divorce after 40 days. Petitioner then married Mr. Abdelhadi in 2014.

Before her marriage petitioner considered herself single and used her maiden name of Sebree on documents. Nonetheless, a joint Form 1040, U.S. Individual Income Tax Return, was filed for petitioner and Mr. Abdelhadi for 2007. Petitioner did not see, review, or sign that return; she has not seen it since and it is not part of the record. A refund check was issued to Mr. Abdelhadi and petitioner (under her maiden name). Petitioner was unaware of the refund check at

**[*3]** the time it was issued and did not endorse it. The signature that <u>does</u> appear on the check does not match petitioner's signature on other documents in the record. The address on the check was that of Mr. Abdelhadi's grocery store, not petitioner's home address. Petitioner knew of the grocery store in 2007 but worked only limited hours there (without pay) because she had to care for a special needs child. She did not work otherwise in 2007 and did not file a tax return for 2007. She did file returns for 2006 and 2008, and for both years she listed her filing status as single.

On July 11, 2011, while meeting with an Internal Revenue Service tax examiner, petitioner signed a Form 870, Waiver of Restrictions on Assessment and Collection of Deficiency in Tax and Acceptance of Overassessment, and a Form 4549, Income Tax Examination Changes. With respect to the 2007 tax year those forms listed a tax liability for her and Mr. Abdelhadi of $21,790, a section 6662 penalty of $4,358, and interest of $4,023 for a total liability of $30,171. She filed joint Forms 1040 with Mr. Abdelhadi for 2014, 2015, and 2016 and was granted innocent spouse relief for those years. Her portion of the overpayment for those years was as follows: $7,528 (2014), $9,221 (2015), and $8,114 (2016). But in letters advising her of these amounts dated April 13, 2015, April 27, 2016, and May 15, 2017, for tax years 2014, 2015, and 2016, respectively, respondent also

**[*4]** advised her that he would apply the full amounts of these refunds to offset the outstanding 2007 tax liability. The record does not include the date of the offsets themselves.

Petitioner filed Form 8857, Request for Innocent Spouse Relief, on June 15, 2015, seeking relief under section 6015(b), (c), and (f) with respect to the 2007 tax liability. Respondent denied her claim on December 23, 2016.

OPINION

I. Burden of Proof

The taxpayer generally bears the burden of proof with respect to whether she is entitled to relief under section 6015, subject to certain exceptions. See Rule 142; Alt v. Commissioner, 119 T.C. 306, 311 (2002).

II. Joint Return Requirement

Generally, married taxpayers electing to file a joint Federal income tax return are jointly and severally liable for the entire tax due for that taxable year. Sec. 6013(d)(3); Butler v. Commissioner, 114 T.C. 276, 282 (2000). A spouse may seek relief from this joint and several liability under section 6015(b) or, if eligible, may allocate liability under section 6015(c). Sec. 6015(a). If relief is not available under subsection (b) or (c), a requesting spouse may seek equitable relief under subsection (f).

**[*5]** Petitioner maintained at trial that she was not married to Mr. Abdelhadi in 2007, and respondent does not dispute her claim. Nor did she review, sign, or even see the joint Form 1040 filed by Mr. Abdelhadi for 2007. We therefore conclude that she did not file, and could not have filed, a valid joint Form 1040 with Mr. Abdelhadi for 2007. See sec. 6013(a). On that basis she argues that she is not liable for the tax reported on the 2007 joint Form 1040. Respondent does not dispute the facts but counters that because petitioner filed a petition seeking review of respondent's denial of her claim for relief from joint and several liability under section 6015(e) (known as a "stand-alone" petition), not a petition for redetermination of a deficiency, our jurisdiction is limited to a determination of whether petitioner is entitled to relief under section 6015, not whether petitioner is liable for the tax. We agree with respondent.

The Tax Court is a court of limited jurisdiction; therefore we must start by considering the effect of our conclusion that petitioner did not and could not file a valid joint Form 1040 with Mr. Abdelhadi in 2007. Jurisdiction may be questioned at any time by the parties or the Court. E.g., Raymond v. Commissioner, 119 T.C. 191, 193 (2002).

In a stand-alone case, such as petitioner's, section 6015(e) gives us jurisdiction to determine whether relief is available under section 6015 only.

**[\*6]** <u>Block v. Commissioner</u>, 120 T.C. 62, 68 (2003). But we can grant relief under section 6015 only if a joint return has been filed. <u>E.g.</u>, <u>Raymond v. Commissioner</u>, 119 T.C. at 195-197. We also have held that the filing of a joint return is a condition for relief under section 6015 but not for our review of the denial of a claim for relief. <u>Gormeley v. Commissioner</u>, T.C. Memo. 2009-252. Because petitioner did not file a joint return, there is no relief we can grant under section 6015. And we do not have jurisdiction to order respondent to refund any amounts although she may be entitled to file a claim for refund on the basis that she was not liable for the tax paid toward Mr. Abdelhadi's 2007 tax liability with her retained refunds for 2014, 2015, and 2016.[2] And we do not have equitable powers to expand our statutorily prescribed jurisdiction no matter how unfair the circumstances may seem. <u>See, e.g.</u>, <u>Commissioner v. McCoy</u>, 484 U.S. 3, 7 (1987); <u>Bokum v. Commissioner</u>, 992 F.2d 1136, 1140 (11th Cir. 1993), <u>aff'g</u> T.C. Memo. 1990-21; <u>Woods v. Commissioner</u>, 92 T.C. 776, 784-785 (1989). Finally, we cannot amend pleadings as petitioner requests to give us jurisdiction to order a

---

[2] Sec. 6511(a) requires that a claim for credit or refund of an overpayment of any tax in respect of which the taxpayer is required to file a return be filed within three years from the time the return was filed or two years from the time the tax was paid, whichever period expires later. The issues of whether the time for claiming a refund has lapsed for the three overpayments respondent retained to offset Mr. Abdelhadi's 2007 tax liability, or whether her innocent spouse claim should be construed as a claim for refund, are not before us.

**[*7]** refund of an overpayment even though it appears that she was not jointly and severally liable for the tax owed by Mr. Abdelhadi for 2007. <u>See</u> secs. 6213(a), 6512(b) (generally restricting the Court's jurisdiction to order refunds to cases in which a petition for redetermination of a deficiency has been filed); Rule 41(a) (barring amendments after expiration of time for filing a petition if the amendment would confer jurisdiction over a matter that was not already within the Court's jurisdiction under the petition).

We have considered all other arguments made and facts presented in reaching our decision, and, to the extent not discussed above, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decision will be entered for</u> <u>respondent</u>.